PETER R. HERRICK, and OLIVE H. BURNSIDE, by
H. B. BURNSIDE, her husband and next friend *vs.*
ELISHA SWOMLEY.

*Questions of Evidence arising under the Examination and*
*Cross-Examination of witnesses— What Evidence Admissible*
*under the General issue plea—Comparison of Hand-writ-*
*ing—Expert testimony—Rebutting evidence—Admissibility*
*of Certified vopy of notes of Evidence taken in another case*
*by a Stenographer— Withdrawal of Evidence not properly*
*followed up— When motion to Withdraw the same may be*
*made—Rule of Court—Questions as to Consideration in an*
*action on a Promissory note—Forbearance to sue—Prayer*
*rejected for stating an Abstract proposition as to Presump-*
*tion.*

Where in an action on a note a witness has testified in chief as to his
knowledge of the defendant's hand-writing, has examined the note,
and has proved that it was in the hand-writing of the defendant,
he can upon cross-examination be asked "when he first saw the
note?" The question tending to elicit from the witness what
opportunities he had had of examining the signature, and being
therefore germane to the subject-matter of his examination in chief.

For the same reason he may on his cross-examination be asked "who
showed him the note?"

In an action by the indorsees against the maker of a promissory note,
the *narr.* alleged that the note had passed into the hands of the
plaintiffs before maturity. HELD:

1st. That under the general issue plea the defendant had the right to
offer evidence tending to show that the note did not pass into the
hands of the plaintiffs until after its maturity.

2nd. That the general issue plea put in issue all the averments of the
*narr.;* and if it could be proved that the note was not assigned
before its maturity, then the plaintiffs took *cum onere,* and the
defendant had the right to make all defences to the suit which he

could have made had the suit been instituted by the payee of the note.

3rd. That in this country, under the general issue the defendant may offer any evidence to show that the plaintiff has no right to recover.

4th. That evidence given on the part of the defendant with reference to the business of the payee of the note, and the course and manner of that business, was admissible to show that the payee of the note was the mere agent of a certain nursery man in the State of New York, named B., to sell trees, vines, &c. As he had dealt with the defendant as agent, it was competent to show that fact and others within his agency.

5th. That evidence leading up to the consideration of the note, upon which the suit was brought, was admissible in evidence, although H. the payee of the note, was not a party to the suit, and the evidence tended to impeach the note.

6th. That expert evidence by comparison to prove hand-writing was inadmissible.

7th. That after the plaintiffs had proved the execution of the note sued on, and the assignment of it to the plaintiffs, they might have rested their case. But having also offered proof that they received the assignment before the maturity of the note, it was incumbent upon them to go on and offer all the proof they had upon this point before resting their case, and they were not at liberty to offer further proof as to this point by way of rebuttal.

8th. That a certified copy of the notes of evidence in a case tried in another State, being nothing more than a copy of the notes of evidence taken by a stenographer appointed for that purpose, for the convenience of the Court and members of the bar, formed no part of the judicial proceedings in said case in contemplation of law, and was inadmissible to prove what a witness had testified to on that trial.

9th. That certain evidence was properly withdrawn from the jury, the same having been admitted with the assurance that it would be followed up by other proof, and said assurance not having been made good.

10th. That as it did not appear that the time within which the motion to withdraw said evidence must be made, was prescribed by any rule of the Court below, this Court must presume that there was no such rule, or if there was, that the motion (which was not

Herrick and Burnside *vs.* Swomley.

made until after the prayers had been offered, but before they were passed upon by the Court) was made within the time the rule prescribed.

11th, That if there was no rule upon the subject, the matter was within the discretion of the Court.

Evidence having been offered tending to show that the note in question was given by the defendant to H. the payee, in consideration of the forbearance of H. to sue the defendant for slander in stating that a written order of the defendant held by H. was a forgery, it was HELD:

1st. That even if said order was forged, the plaintiffs were entitled to recover upon the note sued on, provided the note was indorsed to them for valuable consideration before its maturity, and without notice of the facts and circumstances attending its execution and delivery to H.

2nd. That if on the other hand, the order was forged, and the note was given to H. for forbearance to sue the defendant for slander, for having said the order was a forgery, and the note was never in fact *bona fide* indorsed to the plaintiffs jointly, but still remained the property of H.; or if indorsed *bona fide*, not until after its maturity, the plaintiffs were not entitled to recover upon it.

3rd. Or if the note was in fact *bona fide* indorsed to one of the plaintiffs alone, the plaintiffs were not entitled to recover upon it in a joint suit, whether said order was or was not forged, · or whether the note was assigned to him before or after its maturity.

4th. That the possession of a note which has been indorsed is *prima facie* evidence of the holder's title to it, and of his right to recover upon it. But it is *prima facie* only, and may be removed by evidence offered by the defendant.

The plaintiffs did not rely upon this legal presumption, but introduced evidence in chief to prove that the note in question had been indorsed to them for valuable consideration before its maturity. And proof was offered by the defendant to show the want of consideration for the note; that it was not indorsed by H. to the plaintiffs for valuable consideration, and before its maturity, and that it was indorsed to one of the plaintiffs alone, and not to him and the other plaintiff. HELD:

That the jury were to find upon these points upon the evidence thus before them, and could not be governed and guided by a mere presumption of law. And for this reason a prayer instructing

them as to the presumption arising from the indorsement and delivery of the note to the plaintiffs, was properly rejected.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court. The plaintiffs took thirty-six exceptions. The *first thirty-five exceptions* are sufficiently stated in the opinion of the Court.

*Plaintiffs' thirty-sixth Exception.*—The plaintiffs offered the eighteen following prayers:

1. That if the jury shall find from the evidence, that the note for $800, sued on in this case, was made by the defendant, Elisha Swomley, and that the plaintiffs in this cause acquired said note *bona fide,* for a valuable consideration, before maturity, and without notice of any circumstances impeaching its validity, and that the said plaintiffs are the present owners of said note, then the plaintiffs are entitled to recover, and their verdict must be for the plaintiffs, although the jury should further find that the said note was obtained by the original payee named therein through misrepresentation and fraud, and without any valuable consideration therefor.

2. That if the jury shall find from the evidence, that before the institution of this suit, the note for $800 had been made by the defendant, Elisha Swomley, and had been endorsed, and delivered over to the plaintiffs by George W. Herrick, the payee, named in said note; then the law presumes, *prima facie,* that the said plaintiffs acquired said note, *bona fide,* for full value, before maturity, without notice of any circumstances impeaching its validity, and that the said plaintiffs are the present owners thereof, and entitled to recover the full amount thereof, against the defendant, and the burden of proving to the contrary, is upon the defendant.

3. That if the jury shall find from the evidence, that the note sued on, was given as a compromise of a claim

even doubtful, then the consideration for said note was a good and valid consideration in law ; and if the jury shall further find, that at any time before the institution of this suit, the said note was passed into the hands of the plaintiffs by endorsement and delivery, then the plaintiffs are entitled to recover, and their verdict must be for the plaintiffs, whether the plaintiffs had, or had not notice of the original consideration for said note.

4. That if the jury shall find, from the evidence in the cause, that George W. Herrick, the payee named in the note, sued on in this case, was in the summer of 1878, canvassing for the sale of nursery stock, and that as such convasser, he called at the house, or farm of the said defendant, Elisha Swomley, and sold him a bill of goods amounting to the sum of nine dollars, and shall further find, that at or about the same time, viz., On, or about the 7th day of June, A. D., 1878, the said Herrick claimed to have sold to the said Swomley, another bill of goods, amounting to the sum of $1225, and that the said Swomley denied ever having given to the said Herrick the last named order for $1225, but had denounced the said order for $1225, to be a forgery, and had said to George M. Smith, William H. Hinks, and others, that if the said Herrick had his, the said Swomley's order for $1225, it was a forgery; and shall further find that the said declarations of the said Swomley, in reference to, and respecting the said order for $1225, were communicated to the said George W. Herrick, and shall further find, that the said George W. Herrick consulted counsel upon the subject, and was advised by counsel, that he had a cause of action for slander against the said Swomley, on account of his, defendant's declarations of, and concerning the said disputed order for $1225, and shall further find, that the said Herrick went to see the said Swomley, and communicated to him the fact, that he had so taken counsel, (if the jury shall find he had so taken counsel,) and that he,

Herrick would sue him, the said Swomley, the defendant in this case, if he, Swomley did not have hushed up said talk and declarations of the said Swomley, of, and concerning said disputed order for $1225, and that then, and there, to settle all disputes and controversy about said order, and in consideration of the said Herrick's forbearing to sue him, the said Elisha Swomley, for slander, the said Elisha Swomley, sat down and wrote the note for $800, sued on in this case, signed the same, and delivered it to the said George W. Herrick, and at the same time wrote a receipt in full of all demands to date, which was signed by the said George W. Herrick, and delivered it to the said Elisha Swomley, together with the two orders aforesaid; and shall further find that said note before the institution of this suit, was endorsed by the said George W. Herrick, to the plaintiffs, then the plaintiffs are entitled to recover, and their verdict must be for the plaintiffs, unless the jury shall further find, that in the obtention of said note, the said George W. Herrick used such violence or threats or both, as was calculated to operate on a person of ordinary firmness, and inspire a just fear of greater injury to person or fortune.

5. That if the jury shall find from the evidence, that the note sued on in this case, was made by the defendant, Elisha Swomley, and that the same was *bona fide* endorsed, and delivered to the plaintiffs by the payee named in said note before maturity, for a valuable consideration, without any notice to said plaintiffs, of any circumstances impeaching its validity, then the plaintiffs are entitled to recover, and the verdict of the jury must be for the plaintiffs, although said note may have been obtained by the said payee, Geo. W. Herrick, by fraud, misrepresentation, (or threats and violence,) provided such threats or violence were not such as were calculated to operate on a person of ordinary firmness, and inspire a just fear of great injury to person or fortune, and notwithstanding said note

might have been void in the hands of the said Geo. W. Herrick.

6. That if the jury shall find from the evidence, that the consideration paid by the plaintiffs for the endorsement or transfer of the note sued on, from Geo. W. Herrick to the plaintiffs, was, in part, an antecedent indebtedness due and owing from the said George W. Herrick, to the plaintiffs, Peter R. Herrick and Olive H. Burnside, amounting to, in and about $500, and part in cash, then a sufficient consideration for the endorsement and transfer of said note has been proven.

7. That if the jury shall find from the evidence in this cause, that the note sued on, was made by the defendant, Elisha Swomley, and that before the institution of this suit, was endorsed by Geo. W. Herrick, the payee named in said note, to the plaintiffs, then the plaintiffs are entitled to recover, and the verdict of the jury must be for the plaintiffs, unless the jury shall further find, that said note was obtained by fraud, misrepresentation or such threats or violence, as was calculated to operate on a person of ordinary firmness, and inspire a just fear of great injury to person, reputation or fortune ; and the burden of proving such fraud, misrepresentation, threats and violence is upon the defendant.

8. That if on the pleading and the evidence, the jury shall find that the defendant executed the promissory note sued on in this case, the law presumes the same to have been given for a valid consideration, and any defence against a recovery thereon by the plaintiffs, must be made out to the satisfaction of the jury by a preponderance of proof.

9. That if on the pleading and the evidence in this case, the jury shall find that on or about the 7th of June, 1878, the defendant, Elisha Swomley, executed and delivered to George W. Herrick, an order to the amount of nine dollars, for grape-vines and other articles, and signed

the same, and that said George W. Herrick, in the month of September, 1878, claimed to have another order for twelve hundred and twenty-five dollars worth of grape-vines, to which there was the name of Elisha Swomley attached, which said Herrick claimed to be the genuine signature of said Swomley, and which latter order the defendant declared to be a forgery, and for which declaration said Herrick threatened to sue the defendant for slander; and thereupon in consideration of the surrender of both said orders, and the promise to forego and abandon the bringing of such suit for slander, the defendant executed the note sued on in this cause, that then there was a valid and legal consideration for said note, notwithstanding the jury shall further find, that as a matter of fact, the said Swomley did not sign his name to the said twelve hundred and twenty-five dollar order.

10. That on the pleading and the evidence, the verdict of the jury must be for the plaintiffs, for the amount of the note sued on, with the interest thereon, from its date, unless the jury shall find from the evidence, that at the time of the execution of said note, Elisha Swomley, the maker thereof, executed the same while under such fear from the threats of George W. Herrick, as to be deprived of his will, or executed the same, being induced thereto, by the fraud of said George W. Herrick, or was induced by said George W. Herrick, to believe that his person or property was in immediate danger of actual harm or destruction.

11. That on the pleadings and the evidence, in order to relieve the defendant from a recovery by the plaintiff, on the note sued on in this case, because of threats or intimidation resorted to by the payee therein, which resulted in the procurement of said note, such threats and intimidation must have been such as to have practically overpowered the will of the defendant, or induced him to believe that his person or property were in immediate danger of actual harm or destruction.

12. That on the pleading and the evidence in this case, if the jury shall find that at the time of the execution of the note sued in this case, the *two* orders in this case were delivered up to Elisha Swomley, by George W. Herrick, and said George W. Herrick forbore to sue said Swomley for slander, for alleging that if said Herrick had such an order for one thousand two hundred and twenty-five dollars, it was a forgery and gave Swomley a receipt in full, then there was a good and valid consideration for said note, even though the jury may further find from the evidence, that said Swomley never did, in fact, sign the twelve hundred and twenty-five dollar order.

13. That on the pleading and all the evidence, that if the jury shall find that Elisha Swomley never signed said order for twelve hundred and twenty-five dollars, and there was no consideration for the execution of the note sued on in this case, then the burden of proof is on the defendant, to show that the plaintiffs had knowledge of the circumstances at the time said note was endorsed to them, provided the jury shall find said note was endorsed to plaintiffs before its maturity.

14. That on the pleadings and all the evidence in this case, if the jury shall find from the evidence, that the small order in this case was given by defendant, to George W. Herrick, and that there was a dispute between said Swomley and George W. Herrick, as to whether said Swomley signed the order for twelve hundred and twenty-five dollars, and that said Swomley had charged that if said George W. Herrick had an order of that kind with his, Swomley's, name to it, it was a forgery, and that said George W. Herrick had been told of what Swomley had said, and had taken counsel, and told Swomley, at or before the time the note was executed, he, George W. Herrick, intended to sue said Swomley for slander, and that the note sued on was then and there executed by said Swomley to George W. Herrick in consideration of being

relieved of all liability on the two orders, and the forbearance of the said George W. Herrick to sue said Swomley, for slander, then there was a good and lawful consideration for the execution of said note, and the verdict of the jury must be for plaintiffs for the amount of said note and interest, provided the jury shall further find that said note was indorsed to the plaintiffs by said George W. Herrick before suit in this case was brought.

15. That on the pleading and all the evidence, if the jury shall find from the evidence the execution by the defendant of the note sued on, and that the same was indorsed and delivered to the plaintiffs by the payee therein before the maturity thereof, then the plaintiffs are entitled to recover, notwithstanding there was no consideration therefor, or that the same was fraudulently procured, unless the jury shall further find plaintiffs had notice of such want of consideration or fraud at or before they got possession thereof, and that the burden of proof is upon the defendant to show they had such knowledge.

16. That upon the pleadings and all the evidence in this case, if the jury shall find that the note sued on in this case was executed by the defendant, Elisha Swomley, to George W. Herrick, or bearer, and had passed to the plaintiffs by endorsement and delivery after the same became due, and before this suit was brought, then their verdict must be for the plaintiffs, unless the jury shall further find that there was no consideration for the execution of said note, or that the consideration had failed, or was illegal, and the burden of proving such want, failure or illegality of consideration is on the defendant.

17. That upon the pleadings and all the evidence in this case, if the jury shall find that the note sued on in this case was executed by the defendant, Elisha Swomley, to George W. Herrick, or bearer, and that the same was indorsed and delivered by said George W. Herrick to the plaintiffs, after the maturity thereof, and at any time

Herrick and Burnside *vs.* Swomley.

before this suit was brought, then the verdict of the jury must be for the plaintiffs, unless the jury shall further find, that there was no valid or legal consideration for said note, and the burden of proving such want of consideration, is on the defendant.

18. That upon the pleadings, and all the evidence in the case, if the jury shall find, that prior to the execution of the note sued on in this case, (if the jury shall find *that* said note was executed by the defendant,) George W. Herrick, the payee, named in said note, had in his possession, a paper purporting to be an order for grape-vines, or other nursery stock, amounting to twelve hundred and twenty-five dollars, signed by the defendant, Elisha Swomley, and that said Herrick claimed that the same was a genuine order from said Swomley, and shall further find that said Swomley disputed said order, and denied having signed the same, and pronounced the same to be a forgery to several persons, and that in consequence of such accusation or charge of forgery made by said defendant, the said Herrick took advice of counsel, and was advised that the same constituted a good cause of action for slander, and that said Herrick told said defendant before the execution of said note, that he had so taken counsel, and been advised, and that he intended to bring suit against said defendant for slander, and that in consideration of the surrender of the said disputed order for twelve hundred and twenty-five dollars, to said defendant, and the forbearance by said Herrick, from suing the defendant for slander, the said note was executed by the defendant, to said George W. Herrick; and shall further find, that at the time of the execution of the said note by the defendant, the said George W. Herrick, executed to him a receipt in full of all demands, and delivered to him the said disputed twelve hundred and twenty-five dollar order, then there was a valid and legal consideration for said note, notwithstanding, the jury shall further find, that as

a matter of fact, the said defendant did not sign the said disputed twelve hundred and twenty-five dollar order.

And defendant offered the thirteen following prayers:

1. That if the jury shall find from the evidence, that George W. Herrick indorsed the promissory note mentioned in evidence, and enclosed the same in the letter dated September 21st, 1878, if the jury shall believe he wrote said letter, for the purpose of delivering said note, and shall further find, that Peter R. Herrick received said note in said letter, then, that said assignment and delivery by said letter, was an assignment and delivery to Peter R. Herrick alone, and there is no evidence in this cause of any assignment and delivery of said note, to Olive H. Burnside, and the verdict of the jury must be for defendant.

2. That to constitute a good assignment and delivery of a promissory note, there must be an indorsement by the holder, with the design and intent of transferring the same to particular person or persons, or a delivery to some certain person or persons jointly, that if the jury shall find, that the only evidence of the person to whom George W. Herrick intended to endorse, and deliver the note in evidence, if they shall find such indorsement and delivery is the letter, dated September 21st, 1878, that then the note was assigned, indorsed and delivered to Peter R. Herrick alone, and the verdict of the jury must be for defendant.

3. That to prove the indorsement and assignment to Olive H. Burnside, so as to maintain this suit, she must show some acceptance of the note in question, or some assent to the said indorsement, assignment and delivery, and that there is no such evidence in the case.

4. That upon the pleadings and evidence, to constitute forbearance to sue, a good consideration for a promissory note, there must exist at the time of the making and delivery of the note, a good cause of action; if there be no

good cause of action existing at the time, the note is without consideration, and cannot be enforced; and if the jury shall find, that at the time of the making and delivery of the note offered in evidence, the order for the grape-vines offered in evidence was a forged order; that the name of Elisha Swomley was written thereon without his procurement, knowledge or consent, and that the defendant did say, that if George W. Herrick had such order, that the same was a forgery; that the consideration for said promissory note was an agreement on the part of the witness, George W. Herrick, to forbear to sue the defendant for saying the said order was forged, and not to make him pay for the grape-vines therein alleged to have been ordered, then the verdict must be for defendant; unless the jury shall further find, that the promissory note in evidence mentioned, was indorsed and delivered to the plaintiffs jointly, by George W. Herrick, was accepted by them both, jointly, for their joint benefit and account, and was paid by said plaintiffs jointly; and shall further find, that said acceptance and delivery and indorsement to said plaintiffs jointly, was made before said note matured.

5. Same prayer as above, with the added words, "and that there is no evidence in this cause from which the jury can find such indorsement and delivery and acceptance by and for the plaintiffs jointly."

6. That upon the pleadings and evidence in the cause, the plaintiffs cannot recover, because there is a material variance between the contract described in the *narr.* of the plaintiffs, and the contract proved.

7. That if the jury shall find from the evidence, that the note in question, was assigned and delivered to Peter R. Herrick alone, that then there is a material variance between the contract alleged in the *narr.* and that proved by plaintiffs, and the verdict of the jury must be for defendant.

8. That if the jury shall find from the evidence, that the note in question, was assigned and delivered by, and in the letter from George W. Herrick, which has been offered in evidence, and bears date September 21st, 1878, and was received by Peter R. Herrick, at Owatonna, Minnesota, between the 27th of September, and the 1st day of October, and shall further find that there was no other assignment or delivery of said note to any one claiming ownership thereof, before said note matured, that then there is a fatal variance between the contract as set out in plaintiffs' *narr.*, and the contract proved by plaintiffs, and the verdict of the jury must be for defendant.

9. That to enable the plaintiffs to recover in this case, the jury must find an assignment by George W. Herrick, made before the 1st day day of October, 1878, to Peter R. Herrick and Olive H. Burnside, jointly, a delivery by said George W. Herrick, of said note, to these two plaintiffs, jointly, for their joint benefit and account, before said date, an acceptance by the plaintiffs, jointly, of the note, before said date, and the payment by said parties, jointly, of a valuable consideration for said note.

10. That there is no evidence in this cause legally sufficient for the jury to find that the note in question, was assigned and transferred to Olive H. Burnside and Peter R. Herrick, jointly, before maturity of said note, and the verdict of the jury must be for defendant.

11. That under the pleadings and evidence, that to constitute forbearance to sue, a good consideration for a promissory note, there must exist, at the time of the making and delivery of the promissory note, a good cause of action ; if there be no good cause of action, existing at the time, the note is without consideration, and cannot be enforced ; and if the jury shall find from the evidence offered in this cause, that at the time of the making and delivery of the promissory note, the cause of action in this case, that the order for the three thousand five hun-

dred grape-vines, offered in evidence, was a forged order, and that the name of the defendant was written thereon, without his procurement, knowledge or consent, and that the defendant, in the interviews spoken of by the witnesses, did say, that if the witness, George W. Herrick, had, or claimed to have, such an order, that the same was forged, and that the consideration for the said promissory note, was an agreement on the part of the witness, George W. Herrick, to forbear to sue the said defendant for slander, for saying the said order was forged, and also not to make him pay for the grape-vines, therein alleged to have been ordered, then the verdict of the jury must be for the defendant, unless the jury shall be satisfied from the evidence, that the said promissory note was *bona fide* assigned and delivered to the plaintiffs, before the maturity of the same.

12. That under the pleadings and evidence, if they shall find that the defendant executed the promissory note offered in evidence, and shall also find from the evidence, that the same was not *bona fide* assigned and delivered to the plaintiffs, by George W. Herrick, the payee therein named, before maturity ; and shall further find, that at the time of making the said promissory note, the defendant received no valuable consideration therefor, but was induced to make the same through the fraud of the said George W. Herrick, then the verdict of the jury must be for the defendant.

13. That under the pleadings and evidence, the plaintiffs have offered to the jury no evidence legally sufficient to enable them to recover on the second, third and fourth counts in said declaration contained.

The Court, (LYNCH and BOUIC, J.,) granted the first, sixth, eighth, thirteenth, fifteenth and seventeenth prayers of the plaintiffs, and the fourth, seventh, eighth, ninth, eleventh, twelfth and thirteenth prayers of the defendant, and rejected the second, third, fourth, fifth, seventh,

ninth, tenth, eleventh, twelfth, fourteenth, sixteenth and eighteenth prayers of the plaintiffs, and the first, second, third, fifth, sixth, and tenth prayers of the defendant.

The plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before GRASON, MILLER, ROBINSON, IRVING, and MAGRUDER, J.

*William H. Hinks,* and *James W. Pearre,* for the appellants.

*Wm. P. Maulsby, Jr.,* and *Bradley T. Johnson,* for the appellee.

GRASON, J., delivered the opinion of the Court.

This suit was instituted by the appellants, the plaintiffs below, upon a promissory note for eight hundred dollars, made by the appellee on the ninth day of September, 1878, and payable to George W. Herrick or bearer, thirty days after date. The note is alleged to have been indorsed by G. W. Herrick in blank, and the blank was filled up at the trial with the names of the plaintiffs. At the trial of the case below the appellants reserved thirty-six exceptions to the rulings of the Court upon evidence, and offered eighteen prayers, the first, sixth, eighth, thirteenth, fifteenth and seventeenth of which were granted, and the others refused; and the appellee offered thirteen prayers, the fourth, seventh, eighth, ninth, eleventh, twelfth and thirteenth of which were granted, and the others rejected, and the verdict and judgment being for the defendant, the plaintiffs have taken this appeal; and we shall dispose of the exceptions in the order in which they were taken.

*First Exception.*—The plaintiffs proved, by the witness Wood, that he knew the defendant, and his hand-writing,

and that the note sued on was in the defendant's hand-writing, and that defendant told him that he had drawn the note and signed it. The witness was then cross-examined by the defendant's counsel, and was asked "when he first saw the note?" This question was objected to, and the objection was overruled, and the question was put and answered by the witness, that he first saw the note about fourteen days before its maturity. This forms the subject of the first exception. It is true, that when a witness has been examined by one party with reference to particular facts, it is not competent for the other party to examine him with reference to other and distinct facts, not connected with the facts as to which he has been examined in chief, without the party thus wishing to examine him, making him his own witness. *Phila. & Trenton R. R. Co. vs. Simpson,* 14 *Peters,* 448; *Griffith vs. Diffenderffer and others,* 50 *Md.,* 478. But in this case the witness had testified in chief as to his knowledge of the defendant's hand-writing, had examined the note, and had proved that it was in the hand-writing of the defendant, and the question asked related to the note and tended to elicit from witness what opportunities he had had of examining the signature, and was therefore germane to the subject-matter of his examination in chief, and therefore admissible. *Griffith vs. Diffenderffer,* 50 *Md.,* 478.

*Second Exception.*—The witness was then asked who showed him the note, and the plaintiffs' counsel objected to this question, the objection was overruled, and the second exception was taken to this ruling. What we have said with regard to the first exception applies also to this.

*Third, Fourth, Fifth and Sixth Exceptions.*—In these exceptions evidence was given on the part of the defendant, tending to prove that the note did not pass into the hands of the plaintiffs until after its maturity. The *narr.* alleged, that it had come into the hands of the plaintiffs before maturity, and Peter Herrick, one of the plaintiffs,

had sworn that he received it enclosed in a letter from George W. Herrtck, while he, Peter, was in Minnesota, in the latter part of September, 1878. The *narr.* having averred that the note sued on had been assigned to the plaintiffs before maturity, the general issue plea put in issue all the averments of the *narr.* If it could be proved that the note was not assigned before its maturity, then the plaintiffs took *cum onere*, and the defendant had the right to make all defences to the suit, which he could have made had the suit been instituted by the payee of the note. In this country, under the general issue, the defendant may offer any evidence tending to show that the plaintiff has no right to recover. 2 *Greenleaf's Ev., sec.* 135 ; *Poe on Plead.*, 512. The evidence offered in the third, fourth, fifth and sixth exceptions was therefore properly admitted.

*Seventh and Eighth Exceptions.*—The questions asked and the evidence given in response thereto in these two exceptions, were with reference to George W. Herrick's business, and the course and manner of that business. This evidence was admissible to show that George W. Herrick was the mere agent of a certain nurseryman, in the State of New York, named Bentley, to sell trees, vines, &c. As he had dealt with the defendant as agent, it was competent to show that fact and others within his agency. But even if the proof as given in these exceptions was inadmissible, it is impossible to see in what respect the plaintiffs could have been injured by it, and the judgment will not be reversed therefor.

*Ninth Exception.*—This exception was taken to the refusal of the Court, to permit to be read to the jury, a telegram sent by George W. Herrick to Bentley, on the 2nd November, 1878, to send package to Picking, to the Dell House, at Frederick City. Picking had testified for defendant, to prove that he had seen the note sued on, and to trace its possession down to the time of and after its maturity ;

and on cross-examination, had proved that the note had gone through his hands into Bentley's, and that he had written a dispatch to Bentley to return it, but that George W. Herrick had signed it. We cannot perceive what possible bearing the telegram had upon the issue to be determined. It was wholly immaterial and irrelevant, and was properly rejected.

*Tenth Exception.*—Howard Hartsock, a witness for defendant, testified that George W. Herrick had been at his house at Union Bridge, from 23rd September, till the 13th October, 1878, having been absent during that time a few days at a time, and his book showed that he had taken one meal on the 4th October, and was then absent till October 7th. This witness also proved that while at his house, George W. Herrick had held conversations with witness as to what persons at Union Bridge bought notes. He was then asked whether it was before or after the 4th October, that George W. Herrick first left the house of witness? The question was certainly admissible. But as the record does not show that the question was answered, we cannot say that the plaintiffs were injured, even had the question been legally inadmissible.

*Eleventh Exception.*—After the defendant, Swomley, had testified that George W. Herrick had visited the defendant's house, and sold him grape-vines, to the amount of nine dollars, and taken witness' order for them, and that he had endeavored to induce defendant to enter upon grape culture, and purchase his grape-vines from said Herrick, but that he had declined to do so, and had afterwards called to see Mr. Hinks, the attorney, who had visited him with Herrick, and at Herrick's instance, had drawn up an agreement for Herrick and Swomley to sign, with reference to a partnership between Herrick and Swomley, which he, Swomley, had refused to sign, he was asked to state the conversation he then had with Hinks, in regard to the order which George W. Herrick had in

his possession from him, Swomley, for $1225.00 worth of grape-vines, the offer being to prove that the witness had a conversation with said Hinks, in which he said that if Herrick had any such order from him, it was a forgery; and that Herrick was a maniac on the subject of fruit culture, and that Hinks communicated this conversation to George W. Herrick. This question was objected to, but the Court overruled the objection, and permitted the question to be asked and answered, and to this ruling the plaintiffs took this, their eleventh exception. If the note still remained in the possession of, and the property of, George W. Herrick, the payee, to the time of and after its maturity, the plaintiffs took it *cum onere*, and in this suit by the plaintiffs, Swomley was at liberty, as we have before said, to avail himself of the same defences, which would have been open to him, if the suit had been instituted by the payee himself. That he was so in possession at its maturity, some evidence had been offered by Swomley, and the evidence offered in this exception led up to the consideration of the note, upon which the suit was brought, and was admissible in evidence, although George W. Herrick was not a party to the suit, and the evidence admitted, tended to impeach that note. *Ringgold vs. Tyson,* 3 *H. & J.,* 172.

*Twelfth Exception.*—This exception was taken to the ruling of the Court below, by which the letter of the defendant, dated October 4th, 1878, was excluded from the consideration of the jury. The letter to which it purports to be an answer had not been offered in evidence, without which the letter of defendant was unintelligible, and the letter which was sought to be introduced referred to vines, which had been the subject of a letter previously written by George W. Herrick to the defendant, and which Herrick was desirous of selling to the defendant. This letter was written on the 4th day of October, some time after the date of the note sued on, and had no bearing

whatever on the subject-matter of the suit, and it was therefore properly rejected.

*Thirteenth Exception.*—The defendant was asked by plaintiffs' counsel, whether he had ever told Joseph Wood and Dr. J. N. Wood, at the latter's office, at New Market, on or about October 9th, 1878, that he had gone to Berlin, and bought grape-vines much cheaper than he bought them from Herrick, for the purpose of rebutting evidence of fraud offered by the defendant, the offer being coupled with the further offer of evidence, to show that the defendant gave or executed orders for vines at that time. This evidence was clearly inadmissible. The conversation and the transactions to which the proof, offered and rejected, related, took place some time after the sale alleged to have been made by George W. Herrick to the defendant, and after the note for eight hundred dollars, the cause of action in this case, had been executed, and had no connection with it.

*Fourteenth and Fifteenth Exceptions.*—The time when the defendant first took advice of counsel, as to his liability on the note for eight hundred dollars was utterly immaterial, and the Court was right in refusing to allow the question with respect to it to be put or answered. So also was the question to the defendant, as to where or of whom he purchased the nursery stock he set out in the fall of 1878. These two exceptions seemed to have been abandoned, as they are not relied on in the brief.

*Sixteenth, Seventeenth, Eighteenth and Nineteenth Exceptions.*—To the questions allowed by the Court to be put to the respective witnesses, no answers appear in the record, and we cannot, therefore, see that the plaintiffs were injured by the questions being put, and consequently the judgment cannot be reversed on these exceptions.

*Twentieth and Twenty-first Exceptions.*—The first of these two exceptions was taken to the Court's refusal to permit an expert in hand-writing, who had never seen

Picking, a witness in this case, write, to testify whether the signature to the telegram, dated November 2nd, 1878, was in said Picking's hand-writing; and the second was taken to the Court's refusal to admit evidence of the defendant's hand-writing to the order for $1225, which evidence was offered to be given by an expert, who had never seen Swomley write, but who had for a day, during the trial examined said signature and compared it with the genuine signatures of said Swomley to other papers, which were in evidence. There is some difference in the decisions on these points, and there was also a difference of opinion of the Judges of this Court in the case of *Tome vs. Parkersburg R. Road*, 39 *Md.*, 92.; but the majority of the Court held that it was not competent to prove hand-writing in this way, and we are bound by the decision in that case to hold that the evidence offered in these exceptions was properly excluded.

*Twenty-second Exception.*—We have already stated, in considering the ninth exception, that the telegram, dated 2nd November, 1878, and purporting to be signed by W. H. Picking was not admissible in evidence; and it therefore follows, that any evidence as to whether that telegram was or was not written by Picking, and signed by him, or whether it was forged, was immaterial, and the question propounded to the witness was inadmissible.

*Twenty-third and Twenty-fourth Exceptions.*—The offer to prove that Joseph Wood had offered George W. Herrick $750 for the note of eight hundred dollars was inadmissible. It was not coupled with an offer to prove that the witness, Herrick, had refused the offer, and even if it had been, it was irrelevant and immaterial. The offer contained in this exception as well as the question propounded to this witness in the twenty-fourth exception, as to whether he was the owner of the note sued on, at any time since the 23rd day of September, 1878, was also objectionable upon another ground. It is true that after

the plaintiffs had proved the execution of the note, and the assignment of it to the plaintiffs, they might have rested their case. But instead of doing so, they offered proof to show that they received the assignment *before* the maturity of the note, and having done so, it was incumbent upon them to go on and offer all the proof they had upon this point before resting their case, and were not at liberty to offer further proof as to this point by way of rebuttal. In *Dugan vs. Anderson,* 36 *Md.,* 588, this Court said, " The general rule is that the plaintiff first adduces evidence to support the issue which he is bound to prove, reserving his right to rebut his adversary's proof if he establishes a *prima facie* case, with respect to the issues which lie upon him. If, however, the plaintiff at the outset, thinks fit to call any evidence to repel the defendant's, he will not in general be permitted to give further evidence in reply, for if such a privilege were allowed to the plaintiff, the defendant in common justice might claim the same, and the proceedings would run the risk of being extended to a very inconvenient length." 1 *Taylor's Ev., sec.* 357.

*Twenty-fifth Exception.*—This exception was not relied upon either in the brief or argument of the counsel of the appellants, and was virtually abandoned.

*Twenty-sixth and Twenty-seventh Exceptions,* were also abandoned by the plaintiffs' counsel.

*Twenty-eighth Exception.*—Mr. Hinks testified, subject to exception, that on the 11th day of June, 1878, he went with George W. Herrick, to see the defendant, and that the defendant stated to him his reasons for declining to enter into partnership with George W. Herrick, in grape culture; and after he had testified to the defendant's statements made at that time, the Court, on motion of defendant's counsel, ruled out the defendant's statements so made to Mr. Hinks. Swomley, the defendant, had himself sworn that he had made the same statements to Mr.

Hinks, and therefore, the withdrawal of Mr. Hinks' evidence, in so far as it related to these statements, did no injury to the plaintiffs.   His evidence, so far as these statements of Swomley were concerned, did not tend to prove that the defendant had ever signed or delivered to George W. Herrick, the order for $1225 worth of vines, &c., as contended by the counsel of the appellants.

*Twenty-ninth Exception.*—The question put to the witness in this exception, and which was as to the time it took to carry the mail from Frederick City to Owatonna, in the State of Minnesota, and the answer thereto were properly rejected, as the witness stated that he had no personal knowledge upon the subject, and that all he knew upon the subject had been communicated to him by a clerk in the Baltimore City post office.   This was merely hearsay, and clearly inadmissible.

*Thirtieth Exception.*—The evidence set out in this exception, was offered for the purpose of showing that the note sued on, had on it the assignment of George W. Herrick, on the 5th day of October, 1878.   The plaintiffs having offered proof in chief of the date of its assignment, ought to have exhausted their evidence on this point, as we have said in treating the twenty-third and twenty-fourth exceptions, and the proof was inadmissible at the time it was offered.

*Thirty-first Exception.*—The offer in this exception, was the certificate of notes of evidence given in the case of the *Commonwealth of Pennsylvania against George W. Herrick,* in the Court of Quarter Sessions of the Peace of Crawford County, Pennsylvania, at the February Sessions, 1879.   This copy of the notes of evidence has a certificate of a person named W. M. Wallace, styling himself "official stenographer," and there is another certificate of the President Judge, that the notes are true copies of the notes of evidence taken by the official Court stenographer, in the case referred to, and there is upon this cer-

tificate of the clerk of said Court, that the Hon. PEARSON CHURCH, is President Judge of said Court, and also a further certificate that Charles T. Shaw, who signed the last mentioned certificate, is clerk of said Court. This paper is not, and does not purport, to be, a *record* of the case named. It is a mere copy of the notes of the evidence given in the case, and there is nothing in the paper to show that the evidence was taken in a judicial proceeding, further than what may be conjectured from the evidence itself and the certificate of the Judge, that the evidence, of which the paper offered in evidence, contains a true copy, was taken "in the case of the *Commonwealth vs. George W. Herrick,* tried in said Court." The record of a judicial proceeding of a Court of one State, must be a full record of the whole proceedings, and certified in accordance with the provisions of the Act of Congress, or our own Act of Assembly, in order to make it evidence in the Court of another State. But the paper offered in this case forms no part of the judicial proceeding, in contemplation of law. It is nothing more than a copy of the notes of evidence taken by a stenographer, appointed for that purpose, for the convenience of the Court and members of the bar. This Court has said in the case of *Ecker vs. McAllister,* 54 *Md.,* 371, 372, that "the only proper mode of proving what a witness orally testified to on a former trial, is to examine witnesses for that purpose who heard his evidence given." The paper offered was, therefore, properly rejected.

*Thirty-second and Thirty-third Exceptions.*—These two exceptions were not relied upon either in the appellants' brief or argument, but were treated, and may be considered, as abandoned.

*Thirty-fourth Exception.*—The answer to the question set out in this exception does not appear in the record and what we have said with respect to the sixteenth,

seventeenth, eighteenth and twenty-seventh exceptions, applies·to and disposes of this.

*Thirty-fifth Exception.*—This exception was taken to the striking out and withdrawing from the jury certain testimony of William H. Hinks, with reference to the possession of the note sued on, from the time it went into the possession of the witness and Mr. Pearre. This proof had been admitted with the assurance of the appellants' counsel that it would be followed up by further proof that it had never been in the possession of George W. Herrick, after the ninth day of October. This assurance, upon which alone the evidence of Hinks had been admitted, not having been made good, the Court below was right in withdrawing it from the jury. The motion on which it was so withdrawn was not made until after the prayers had been offered, but before they were passed upon by the Court. As it does not appear that the time within which such a motion must be made, is prescribed by any rule of the Circuit Court, we must presume that there is no such rule, or if there is, that the motion was made within the time the rule prescribes. If there is no rule upon the subject, the matter was within the discretion of the Court.

The thirty-sixth and last exception was taken to the rejection of the appellants' second, third, fourth, fifth, seventh, ninth, tenth, eleventh, twelfth, fourteenth, sixteenth, and eighteenth prayers, and to the granting of the fourth, seventh, eighth, ninth, eleventh, twelfth and thirteenth prayers of the appellee.

After a careful examination of the prayers offered by the appellants and the law applicable thereto, we are of opinion that their first, sixth, eighth, thirteenth, fifteenth, and seventeenth, which were granted, gave the law as favorably to the plaintiffs as they were entitled to have it, and that they cannot therefore complain of the rejection of the others offered by them. The proof showed that

Herrick and Burnside *vs.* Swomley.

the appellee had stated that if George W. Herrick had in his possession an order for twelve hundred and twenty-five dollars worth of grape-vines, purporting to be signed by him, the defendant, it was a forgery. George W. Herrick, upon hearing of this statement visited the appellee, told him that he had heard of the statement made by him respecting the order, had consulted counsel who had advised him that he had good grounds for a suit for slander against appellee, and, after some conversation between them, the appellee gave the note, sued on in this case, to said Herrick, to forbear the suit for slander, and the said order, as also another order for nine dollars worth of vines, were surrendered by Herrick to the appellee. There was proof introduced by the plaintiffs, tending to show that the note was indorsed by George W. Herrick to them for valuable consideration, and before maturity. Proof was offered by the appellee tending to show that George W. Herrick was still the owner of the note in question, that it never was indorsed *bona fide* to the plaintiffs; that, if indorsed at all, it had been so indorsed to Peter R. Herrick alone, and after its maturity, and that the order for $1225, was never signed by the appellee, but was a forgery. It is perfectly clear, that, even if said order were forged, the plaintiffs were entitled to recover upon the note sued on, provided the note was indorsed to the plaintiffs for valuable consideration before its maturity, and without notice of the facts and circumstance attending its execution and delivery to George W. Herrick. If, on the other hand, the order was forged and the note was given to George W. Herrick for forbearance to sue the appellee for slander for having said the order was a forgery, and the note was never in fact *bona fide* indorsed to the plaintiffs jointly, but still remained the property of George W. Herrick; or if indorsed *bona fide*, but not until after its maturity, the plaintiffs were not entitled to recover upon it. Or if the note was in fact *bona fide* indorsed to Peter

R. Herrick alone, the plaintiffs were not entitled to recover upon it in a joint suit, whether the order for $1225 worth of grape-vines was or was not forged, or whether the note was assigned to him before or after its maturity. The appellee's fourth, seventh, eighth, ninth, eleventh, twelfth and thirteenth prayers were therefore properly granted. The appellants' second prayer asked an instruction that, if the jury should find that the note sued on had been made by the defendant, and had been indorsed and delivered to the plaintiffs by George W. Herrick, then the law presumes *prima facie*, that the plaintiffs acquired said note *bona fide* for full value before maturity, without notice of any circumstances impeaching its validity, and that the plaintiffs were the present owners thereof, and entitled to recover the full amount thereof against the defendant, and the burden of proving to the contrary is upon the defendant. It is true, that possession of a note which has been indorsed is *prima facie* evidence of the holder's title to it, and of his right to recover upon it. But it is *prima facie* only, and may be removed by evidence offered by the defendant. In this case the plaintiffs did not rely upon this legal presumption, but introduced evidence in chief to prove that the note in question had been indorsed to them for valuable consideration before its maturity. Proof was offered by the defendant to prove the want of consideration for the note; that it was not indorsed by George W. Herrick to the plaintiffs for valuable consideration and before its maturity ; and that it was indorsed to Peter R. Herrick, and not to him and the other plaintiff, Burnside, jointly. The jury were to find upon these points upon the evidence thus before them and could not be governed and guided by a mere presumption of law. The second prayer was therefore properly rejected.

The third, fourth, ninth, twelfth, fourteenth and eighteenth prayers of the appellants are inconsistent

Herrick and Burnside *vs.* Swomley.

with the fourth prayer of the appellee, which announces correctly the law applicable to the facts stated therein, if found to be true by the jury. Their fifth and seventh prayers assert the same proposition of law as is asserted by their first prayer, which was granted, but go further and contains the words, "although said note may have been obtained by the said payee, George W. Herrick, by fraud, misrepresentation, or threats, or violence, provided such threats or violence were not such as were calculated to operate on a person of ordinary firmness," &c. There is no proof in the record with reference to threats or violence by which the execution of the note was obtained, and as in other respects, the plaintiffs obtained the benefit of the law as announced in these prayers, by their first, there was no error in rejecting these. For the same reason the appellants' tenth and eleventh prayers were rightly rejected.

The plaintiffs obtained by the instruction granted under their eighth prayer all that was asked by their sixteenth, and there was therefore no injury done them by the rejection of the latter.

The prayers of the appellee, which were granted, contained correct propositions of law as applicable to his theories of the facts of the case, to support which they had offered evidence to the jury, and they were properly granted.

Finding no error in the rulings of the Court below on either the questions of evidence or law, as presented by the record, the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided 29th June, 1881.)