Rentch *vs.* Long.

(Decided 12th June, 1867.)

---

ANDREW RENTCH *vs.* BENJAMIN LONG.

*Statute of Frauds—Contract.*

A contract to deliver corn at a future period, which corn at the time of the contract is in the field ungathered and unshucked, is not within the Statute of Frauds.

Rentch vs. Long.

Work and labor were necessary to prepare the corn for delivery, and entered into and formed a part of the consideration for the price to be paid; and the fact that the work and labor were not to be performed by the vendor or by his agents employed for that purpose, but by his tenants who occupied the land, cultivated the crop and were bound to deliver the corn as rent, makes no difference in principle.

APPEAL from the Circuit Court for Washington County.

This was an action of *assumpsit* brought by the appellee to recover damages from the appellant, for the violation of a contract of sale of two thousand bushels of corn, which were to have been delivered by the latter to the former at fifty cents a bushel. Sometime in October or November, 1863, the appellee met the appellant, and asked him if he had any corn for sale? The appellant replied that he thought he would have about two thousand bushels to spare, and asked the appellee what he was paying for it, and where it was to be delivered? The appellee replied, that he was paying fifty cents a bushel, to be delivered out of the field on his farm. The appellant said he should have the corn, but did not say where it was. He did not raise the corn himself, but rented his farms to different tenants, from whom he received for his rent a share of the produce. At the date of the contract of sale the corn was in the field, ungathered and unshucked, and had to be gathered and shucked, in order to be delivered by the appellant to the appellee. No part of the corn was ever delivered, though the appellee was ready and willing to receive and pay for it according to the agreement.

*Exception:* Upon all the evidence in the cause the plaintiff offered the following prayer: If the jury believe from the evidence that the defendant agreed and bargained, verbally, with the plaintiff, some time about the latter part of October or the first of November, 1863, to sell to him two thousand bushels of corn, at fifty cents per bushel, to be delivered to him by the said defendant,

at a time or times subsequent to the time of making such agreement, and before the institution of this action; and that the said corn was, at the time of said agreement, in the field, ungathered and unshucked, and was so understood by both of said parties, and that said corn had to be gathered and shucked, in order to the delivery thereof by the said defendant to the plaintiff, and that the defendant, after the said corn was gathered and shucked, altogether failed and refused to deliver the same, or any part thereof, to the plaintiff, and that the plaintiff was, and continued ready and willing to receive and pay for said corn according to agreement, then said plaintiff is entitled to maintain an action on said contract against the defendant, and the Statute of Frauds forms no bar to such action.''

The defendant then offered prayers, substantially as follows:

1st. If the jury find that in the latter part of October or the beginning of November, 1863, the plaintiff met the defendant in the public road, and told him that he was in the corn market, and asked the defendant whether he had any for sale, and the defendant replied that he thought he would have about two thousand bushels to spare, and asked the plaintiff what he was paying, who replied fifty cents a bushel, and the defendant then asked when it was to be delivered, and the plaintiff said at his (the plaintiff's) farm, and the defendant then said he should have it, but did not say where the corn was, and that nothing was said about it as to whether it was good, bad or indifferent; that the defendant did not deliver or offer to deliver any part of the corn; but that the plaintiff was ready to comply with his part of the contract; that no money was paid by the plaintiff to the defendant for the corn; that nothing was said about payment for it, nor was there any agreement or memorandum in writing between them for the sale of it; that then the same is a

Rentch vs. Long.

contract for the sale of goods, wares and merchandize, and is within the Statute of Frauds, and there being no delivery of any part of said corn, nor any part of the purchase money paid therefor, and no agreement or memorandum in writing of said contract, the plaintiff is not entitled to recover.

2d. If the jury shall find from the evidence, that in or about the month of October, 1863, the plaintiff contracted with the defendant, for the purchase of two thousand bushels of corn, at fifty cents per bushel, to be delivered by the defendant in a reasonable time thereafter, and then to be paid for by the plaintiff. And shall further find, that no part of said corn was delivered by the defendant to the plaintiff, nor that any part of the purchase money therefor was paid by the plaintiff to the defendant, and that said contract was not in writing, then the plaintiff is not entitled to recover.

3d. If the jury find from the evidence, that the plaintiff purchased of the defendant two thousand bushels of corn, at fifty cents per bushel, and that the defendant was to deliver the same in a reasonable time thereafter, and the plaintiff to pay for the same ; and should further find, that no part of said corn was delivered to the plaintiff, nor any part of the purchase money paid therefor by the plaintiff, nor that such purchase was reduced to writing, that then the same is a sale of goods, &c., and within the Statute of Frauds, and the plaintiff is not entitled to recover, although the jury should further find, that the said defendant had, at the time of such purchase and sale, his farms rented to tenants, and that as landlord he was entitled to a rental share of the crop of corn, and from which rental share, when gathered and delivered by his said tenants to him, he could fill said contract.

4th. If the jury find from the evidence, that the plaintiff and defendant contracted for the purchase by the plaintiff of the defendant two thousand bushels of corn,

at fifty cents per bushel, to be delivered in a reasonable time thereafter by the defendant, and to be paid for by the plaintiff, and that if said contract be found to be a contract for the sale of corn by the bushel alone, and exclusive of any work or labor to be done or performed upon it; and further find, that no part of the corn was delivered by the defendant, nor any part of the purchase money paid by the plaintiff therefor, nor any agreement or memorandum in writing of such contract, that then the same is within the Statute of Frauds, and the plaintiff is not entitled to recover.

5th. That the contract declared upon in this cause and given in evidence, is a contract for the sale of goods, wares and merchandize, and is within the Statute of Frauds, and that by the evidence, there being no agreement or memorandum in writing of the same, nor any part of the purchase money paid upon the same as *earnest* to bind the contract, nor any part of the said corn so delivered to the plaintiff, the plaintiff is not entitled to recover.

The Court (WEISEL, J.) granted the prayer of the plaintiff and rejected the prayers of the defendant; to this ruling the defendant excepted, and the verdict and judgment being against him he appealed.

The cause was argued before BOWIE, C. J., BARTOL and GOLDSBOROUGH, J.

*William T. Hamilton,* for the appellant:

The only question presented by the record is, whether the contract in this case is within the seventeenth section of the Statute of Frauds; and this involves the question, whether the contract was purely for the sale of goods, or for work and labor?

The appellee relies upon the case of *Eichelberger vs. McCauley,* 5 *H. & J.,* 213; and, we presume, upon the

cases there cited, of *Towers vs. Osborne*, 1 *Strange*, 506 ; *Clayton vs. Andrews*, 4 *Burrows*, 2101 ; and of *Rondeau vs. Wyatt*, 2 *H. Blk.*, 64 ; to relieve the contract from the Statute.

Assuming the decision in *Eichelberger vs. McCauley* to be good law at this day, it does not, as we maintain, affect or determine the case now before the Court. The facts in that case were different from the facts in this, and the Court was particular in determining that case to be without the Statute, to state that in acknowledging the authority of the case of *Clayton vs. Andrews*, "they must not therefore be understood to extend it to cases where the articles sold are not to be prepared for delivery by work and labor, and *where the work and labor may not be considered in some measure a part of the contract.*"

In the case now before the Court, the contract was for the sale of corn ; nothing said about where it was, or in what condition it was ; it being well understood that the appellant was not engaged in farming, had no corn growing upon which he could bestow labor, or about which he could contract for labor, but, that all the corn he was entitled to, was a rental share from his lands, and with which he had nothing whatever to do, but to receive it as rent when delivered, and if not received, to distrain, reducing it to money. There is a most manifest difference in the cases. In the case of *Eichelberger vs. McCauley* it *may* be inferred that labor was to be bestowed on the article, and as a part of the contract, but in this case no such inference can be deduced ; and the Court in the former case expressly and cautiously admonished us that their decision should not be extended to cases where work and labor were not to be *considered in some measure a part of the contract;* and in conformity with this, see 2 *Kent*, (3d *Edition*,) 512, in note, commenting upon the case of *Eichelberger vs. McCauley.* The simple proposition then under that case is reduced to this, is the contract

for a sale of goods, or did work and labor enter into and make a part of it? It would be difficult to imagine that work and labor were made a part of the contract in the case now before the Court. This was purely a sale of goods, and if so, the Court was in error below, and the judgment must be reversed.

The case of *Towers vs. Osborne*, was where the " defendant bespoke a chariot, and when it was made, refused to take it." Here it was decided, not that it was for work and labor, but that the contract was *executory*, and therefore not within the Statute. The case of *Clayton vs. Andrews*, was a contract to " deliver a quantity of wheat within three weeks or a month, to *be paid on delivery ;* which wheat was understood by the parties to be, at the time, unthreshed." This was held not to be within the Statute, upon the ground only that the seller was not to deliver *immediately*, nor was the buyer *immediately* answerable ; in other words, that the contract was *executory*. And the case of *Towers & Osborne* was relied upon for the principle.

The case of *Rondeau vs. Wyatt*, was upon the sale of a quantity of flour to be delivered at a future period. It was urged that this contract was not within the Statute, because it was executory, and the cases of *Towers vs. Osborne*, and *Clayton vs. Andrews*, were relied upon to sustain this view. The Court, however, in this case, in very strong language overruled and reprobated the distinction sought to be established by these cases, between executory and other contracts ; and although the Court did not dissent from the abstract adjudications in those cases, it assigned reasons that might support them, entirely different from, and not advanced or depended upon at all, by the learned Judges sitting in them. The learned Judge, however, in this case, in commenting upon those cases, and in assigning original reasons to sustain the judgments in them, first asserted the doctrine

of work and labor; but that to take the contract out of the Statute, this work and labor to be found, must be part of the contract, and therefore the decision of this Court in the case of *Eichelberger and McCauley*, in determining that the work and labor must be considered a part of the contract.

The case of *Gorbite vs. Watson*, 5 *Barn. & Ald.*, 613, (7 *Eng. C. L. R.*, 209,) which was decided in the year after the case of *Eichelberger vs. McCauley*, was upon a contract for "a quantity of flour to be prepared for delivery." It was urged that this contract was not within the Statute, and the rulings of the Court in the cases of *Towers vs. Osborne, Clayton vs. Andrews*, and *Rondeau vs. Wyatt*, were relied upon. The unanimous judgment of the Court was, that it was "purely a sale of flour, whether ground or not," and within the Statute. It was remarked in this case by the learned Judge, in commenting upon the case of *Towers vs. Osborne*, that the chariot would not have had an existence, but for the order; and then, that it was an extreme case, and ought not to be carried further, and overruled the case of *Clayton vs. Andrews;* this decision was followed by the case of *Smith vs. Sumner*, 9 *Barn. & Cress.*, 443, (17 *Eng. C. L. R.*, 443;) *Watts vs. Friend*, 10 *Barn. & Cress.*, 446, (21 *Eng. C. L. R.*, 109,) and in New York, by *Downes vs. Ross*, 23 *Wendell*, 270, fully sustaining it.

This Court should be careful not to extend, but in every way limit and restrict cases as they arise, to the rightful interpretation of the Statute, though there should be an inclination to conform to what is considered as decided, however clearly wrong it may appear.

*R. H. Alvey*, for the appellee.

The prayer of the appellee embraced the whole facts of the case and upon the finding of which by the jury the plaintiff recovered. Upon the facts thus stated and ascer-

tained is the legal proposition of the prayer maintainable?

At the time of the contract the corn was in the field ungathered and of course unshucked, and therefore required work and labor to prepare and render it fit for delivery, and was so understood by the parties; these are the circumstances that relieve the transaction from the operation of the seventeenth section of the Statute of Frauds, and distinguish it from the ordinary sales of goods, wares and merchandize to which the Statute applies. This distinction is well established in Maryland, as it was also in England by the earlier cases; and if the cases of *Clayton vs. Andrews,* 4 *Burr,* 2101, and *Eichelberger vs. McCauley,* 5 *Har. & John.,* 213, are adhered to, this prayer of the plaintiff is fully sustained by them.

While all the defendant's prayers concede the contract to have been made, they seek to apply the Statute of Frauds, and by that means to get rid of the obligation imposed. They are each and all in direct antagonism to the prayer of the plaintiff as to legal consequences, and if the plaintiff's prayer were proper to be granted, those of the defendant could not be; and especially as they all asked the Court to instruct the jury that if they should find certain facts set forth in them, the plaintiff could not recover, and before granting which the Court must have assumed the non-existence of all the other testimony in the cause. *Byer vs. Etnyre and Besore,* 2 *Gill,* 150; *Leopard vs. C. & O. Canal Co.,* 1 *Gill,* 229; *Dietus vs. Fuss, Trustee of Dietus,* 8 *Md. Rep.,* 148; *Andre vs. Bodman,* 13 *Md. Rep.,* 242.

The facts stated in these prayers were but part of the proof in the cause. The first prayer altogether ignores and pretermits the testimony of the defendant as to the time of the conversation in which the contract was made; the condition of the corn that was in the contemplation of the parties at the time, and the length of the time

thereafter before it was gathered and delivered by the tenant.

The other prayers, except the last, which is a general one ·upon the whole evidence, without enumerating the facts, omit the important circumstances that take the contract out of the operation of the Statute of Frauds, but which are set forth in the prayer of the plaintiff.

That the defendant did not by his own manual labor raise the corn, but that it was produced by tenants cultivating his lands upon shares, and who were to deliver the rental portion to him as landlord, makes no difference whatever in the application of the principle. He had an interest in the corn, being tenant in common thereof, with the tenant producing it, before delivery; and after contract of sale was bound to have it prepared for delivery to the purchaser. *Ferrall vs. Kent*, 4 *Gill*, 209; *Brown on Statute of Frauds*, 300, 310; *Groves vs. Buck*, 3 *Maule & Selwyn*, 179.

The prayer of the plaintiff embraced the whole case; it included all the facts of the defendant's prayers; and the principle is, that where there is an instruction given that covers the whole case, the judgment will not be reversed, though there be prayers refused that were in themselves correct. *The Mutual Safety Ins. Co. vs. Cohen*, 3 *Gill*, 459; *N. Y. Life Ins. Co. vs. Flack*, 3 *Md. Rep.*, 341.

The correctness, however, of either of the appellant's prayers is denied.

BARTOL, J., delivered the opinion of this Court.

This case is not to be distinguished from *Eichelberger vs. McCauley*, 5 *H. & J.*, 213, in which it was decided that a contract for the delivery of wheat at a future period, which wheat, at the time of the contract, was in the stack unthreshed, was not within the Statute of Frauds. The ground upon which that decision was placed was that work and labor being necessary to pre-

pare the wheat for delivery, it was not a sale of goods, wares and merchandize within the meaning of the 17th section of the Statute. In the opinion of the Court, pronounced by Judge Earle, and concurred in by Chase, C. J., and Buchanan, Dorsey and Martin, it was said the " distinction between mere contracts of sale of goods, and those contracts for the sale of goods where work and labor are to be bestowed on them previous to delivery, and subjects are blended together, some of which are not in the contemplation of the Statute, has too long prevailed to be at this day questioned."

Whatever opinion we might entertain on this question if it were presented to our consideration for the first time, we are not willing to disturb the rule established by *Eichelberger vs. McCauley,* and which has remained unquestioned in Maryland for so long a period. That this case falls directly within the same principle is too clear to require much argument.

Here, according to the evidence as found by the jury, the subject of the contract was two thousand bushels of corn, which at the time was in the field ungathered and unshucked, and which, by the contract, the plaintiff was entitled to have delivered to him at a future time gathered and shucked. The article was not at the time of the contract in a condition to be delivered, and according to the finding of the jury, which was warranted by the evidence, work and labor were necessary to be done upon the article purchased and entered into, and formed a part of the consideration for the price to be paid.

In *Eichelberger vs. McCauley* the labor which entered into the consideration of the contract was the threshing of the wheat; here it is the gathering and shucking of the corn, so that the cases are identical in principle.

Some argument was based by the appellant on the fact that in this case the work and labor were not to be performed by the vendor or his agent employed for that pur-

Rentch *vs.* Long.

pose, but by his tenants who occupied the land, cultivated the crop, and were bound to deliver the corn as rent. But this makes no difference in principle ; if by the contract the vendor was bound to deliver, and the purchaser was entitled to receive the article in a condition different from that in which it was at the time of the contract, and the work and labor necessary to be done upon it entered into and formed a part of the consideration for the price to be paid, the case is within the principle of *Eichelberger vs. McCauley*, and there was no error in granting the prayer of the plaintiff below. And for the same reasons the first and last prayers of the defendant were properly rejected.

The defendant's second, third and fourth prayers ignore the material and important fact testified to by all the witnesses, that the corn referred to in the contract was the particular corn of the plaintiff then standing in the field, and which, by the contract, was to be gathered and shucked before delivery, which, as we have said, takes the case out of the Statute ; these prayers go upon the hypothesis that the case is one of a mere sale of two thousand bushels of corn, thus omitting to notice material testimony, which changes the whole character of the case. They could not therefore be properly granted.

*Judgment affirmed.*

(Decided 12th June, 1867.)