ROBERT SEFF ET AL. *vs.* BENJAMIN BROTMAN ET AL.

*Practice Act—Plea Held to be a Good Defense—Plea Amounting to General Issue.*

In an action by real estate brokers to recover commissions for making a sale of defendant's property, the declaration contained the six common counts in *assumpsit* and one special count setting forth the services rendered in effecting the sale.   The defendants pleaded to the first six counts, "that they never were indebted as alleged," and for a second plea, "that they did not promise as alleged" and for a third plea to the seventh count in the declaration, "that the plaintiffs did not as real estate brokers sell the property mentioned in said count for the defendants for the sum mentioned, and the purchaser did not pay the defendants the sum mentioned, and these defendants never were indebted as alleged in said count."   The pleas were verified by affidavit as required by the Practice Act.   *Held*, that these pleas constitute a good defense to the action and it was error to enter a judgment by default for want of a plea containing a good defense.   The general issue pleas do not operate merely to deny that a promise, express or implied, was made by the defendants but under them the defendants may show that for other reasons the plaintiff never had any valid cause of action.

*Held*, further, that the third plea to the special count is not bad as amounting to the general issue since it is a specific traverse of material averments of that count each of which the plaintiff was bound to prove in order to recover thereunder.

*Decided June 24th, 1908.*

Appeal from the Baltimore City Court (STOCKBRIDGE, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Thos. C. Weeks* and *Israel S. Gomborov*, for the appellants.

The first plea by its introductory words, "to the first six counts in the *narr.*," in its answer thereto, is limited to said six counts. I *Saunders Pleading and Evidence*, part 2, sec. 649; I *Poe Pl.*, sec. 664.

The second plea. "That they did not promise as alleged," answers all of the counts in the *narr.* and is a good bar to the action. *Fifer* v. *Clearfield Coal Co.*, 103 Md. 1.

The third plea is in form the general issue limited in its application by its prefatory words to the seventh count.

The distinction between what is a general issue plea and what amounts to a general issue plea is not one of form, but of substance.

"A distinction lies between the case of a plea which amounts to the general issue and a plea which discloses matter which may be given under the general issue. Under the latter various things may be given in evidence, but it is incorrect language to say those things amount to the general issue; but what in correct language may be said to amount to the general issue; is, that for some reason *specially stated* the contract does not exist in the form alleged, and when that is the case it is an argumentative denial of the contract instead of being a direct denial and is not allowed." *Saunders Pleading and Evidence,* part 1, sec. 651; I *Poe*, sec. 637; *Keedy* v. *Long*, 71 Md. 388.

There must be in the plea amounting to the general issue plea, some reason *specially stated* that "avoids the contract." This must be apart from facts stated in the *narr.* I *Poe*, sec. 638.

The defendant has a right to traverse any one or more of the material averments of the *narr.* and upon the failure of the plaintiff to prove any one of such material averments the verdict must be for the defendant. *B. & O. R. R. Co.* v. *Ritchie*, 31 Md. 199

If these facts be material and an essential part of the cause

of action a denial will destroy the cause of action—the traverse is good. *Yingling* v. *Hoppe*, 9 G. 314.

Even though the terms be not in language of the general issue plea the same is taken as the general issue plea. It traverses the facts. It does not amount to the general issue. It does not introduce new matter; it is not argumentative.

The third plea is good in substance; the plea is that "they never were indebted as alleged in the seventh count of the *narr.*" The substance of this general issue plea is not destroyed or made ineffectual by the special denial of the particular averments of facts. It does not "amount" to the general issue. It is the general issue and such other matter in said plea may properly be taken as surplusage if necessary. The Court will look to substance and not mere form. The third plea is a specific denial of the whole claim of the plaintiff in the seventh count to which it applies and a pleader is not limited to form, if the plea in substance be a denial of the charge. Surplusage shall never make a plea vicious but where it is contrarient to the matter before. 2 *Coke on Lit*, 303B (x).

*Myer Rosenbush*, for the appellees.

The first two pleas are specifically directed to the first six counts in the declaration, and to that extent bar the action.

The third plea expressly applies to the seventh count in the *narr.*, and it becomes necessary to examine said plea with a view of ascertaining whether, on its face, "it contains a good defense." It is not a good and sufficient plea to the action. *Miller* v. *Miller*, 41 Md. 623; *Robey* v. *State*, 94 Md. 62.

In *Horner* v. *Frazier*, 65 Md. 1, where a plea was filed as follows: "That the promise was not in writing" this Court says: "Such a plea is an argumentative answer to the declaration, asserting nothing which is not cognizable under the general issue, and is therefore demurrable."

Again in *Keedy* v. *Long*, 71 Md. 387, this Court says: "If the third, sixth and seventh pleas amount to the general issue, the ruling of the Circuit Court on the demurrer was correct, because it is an elementary principle that pleas which merely

amount to the general issue, though not such in form are bad; and this Court has held *the defect to be one of substance* which a general demurrer will reach.

The third plea can be considered from no other standpoint than that of a common traverse, every fact therein set up, is not alone provable under the General Issue Plea in Assumpsit, but primarily constitute fundamental facts, required to be proved as a defense to the facts set up in the seventh count, and are a mere narrative of segregated facts provable under the general issue. If such a plea be sustained as a good defense then the language of this Court in the case above quoted, that the substance of pleading must be preserved, and defenses available set up in appropriate pleas, has no meaning.

BURKE, J., delivered the opinion of the Court.

This is the defendants' appeal from a judgment in favor of the plaintiffs entered in the Baltimore City Court. The suit was an action of *assumpsit*, and was brought under the Practice Act. The declaration contains the six common counts and one special count. The special count alleged that the plaintiffs were licensed real estate brokers in the city of Baltimore, and that on or about the 17th day of July, 1907, the defendants employed them to sell certain property, which is particularly mentioned in the count, and that they promised and agreed to pay to the plaintiffs a commission of two and a-half per cent as compensation for their services; and that in pursuance of said employment the plaintiffs sold the property for seven thousand dollars to Isaac Kader, and that the purchaser entered into a contract with the defen.'ants to purchase the same, and did purchase the same by the payment of the balance of the purchase price in accordance with the terms of the contract; that by reason thereof the plaintiffs were entitled to receive from the defendants the sum of one hundred and seventy-five dollars; that the plaintiffs have demanded of the defendants the payment of said sum, but that the defendants have failed and refused to pay the same, and continued so to do.

A proper account was attached to and filed with the declaration, and an affidavit as required by the Act was annexed to the *narr.* The defendants were summoned to the October Rule Day, and within fifteen days thereafter filed pleas to the action.

To the first six counts of the *narr* they pleaded that they never were indebted as alleged; and for a second plea they averred that they never promised as alleged and for a third plea they said, that the plaintiffs did not, as real estate brokers, sell the property in said count mentioned to the said Isaac Kader for the defendants at and for the sum of seven thousand dollars, and that the said Isaac Kader did not pay these defendants seven thousand dollars for said property, and that the defendants never were indebted as alleged in said count.

On October 30th, 1907, the plaintiffs filed a motion for a judgment by default against the defendants for want of sufficient pleas and affidavit of defense. On January 24th, 1908, this motion was heard by the Court, and on that day judgment by default was entered, and on the same day the judgment was extended for one hundred and seventy-eight dollars and seventy-three cents, damages assessed by the Court and costs of suit. The affidavit attached to the pleas is in proper form, and it is not claimed that it is in any manner defective or insufficient, and to it is appended a certificate of the defendants' counsel stating that he had advised the party making the affidavit to the pleas to do so.

Upon this state of facts, the single question for our decision is: Did the defendants plead a good plea to the declaration? If they did, the Court had no right to enter a judgment as by default against them, because under the statute no such judgment can be entered where there is a plea, properly verified, showing a good defense to the action. In *Gemmell* v. *Davis*, 71 Md. 458, in which case the construction of this Act was under consideration, the Court, speaking through CHIEF JUSTICE ALVEY, said: "The obvious purpose of the Act is not only to furnish a short and expeditious method of recovery in the class of actions mentioned, but, by requiring disclosure

under oath, as to the real amount or matter in dispute or
actual contest between the parties, to avoid unnecessary
trouble and expense in the trial.   And while the construction
of the statute should be such as to afford to every defendant
a full and fair opportunity to make all defenses to the action
against him, no such restrictive construction as against the
rights of the plaintiff should be adopted as would, in any
event, defeat or frustrate the beneficial objects contemplated
by the Legislature.   By the terms of the section quoted, the
plaintiff has a right, at any time after the expiration of the
fifteen days from the return day, to apply for and obtain
judgment, *as by default*, unless there be a plea by the defend-
ant showing a good defense, and verified in the manner de-
scribed by the statute."   In 2 *Greenleaf on Evidence* it is said
that "almost all the *defenses to the action of assumpsit*, in the
United States, and, until a late period in England, have been
made under the *general issue*.   This plea, on strict principle,
operates only as a denial in fact of the express promise or
contract, where one is alleged, or, of the matters of fact from
which the contract or promise alleged may be implied by
law.   But by an early relaxation of the principle, the defend-
ant, in actions on express contracts, was admitted, under the
general issue, to the same latitude of defense, which was open
to him in actions upon the common counts, and was permitted
to adduce evidence, showing that on any ground common to
both kinds of *assumpsit*, he was under no legal liability to the
plaintiff for that cause, at the time of pleading.   The practice
in the English Courts, by recent rules, has been brought back
to its original strictness and consistency with principle.   In
the United States, it remains, for the most part, in its former
relaxed state; and accordingly, where it had not been other-
wise regulated by statute, the defendant, under this issue, may
give in evidence any matters, showing that the plaintiff *never
had* any cause of action; such as, the non joinder of an-
other promisee; the defendant's infancy; lunacy; drunkenness,
or other mental incapacity; coverture at the time of contract-
ing; duress; want of consideration; illegality; release or parol

discharge or payment before breach; material alteration of the contract; that the plaintiff was an alien enemy at the time of contracting, or that the contract was void by statute, or by the policy of the law; non-performance of condition precedent by the plaintiff; or, that performance on his own part was prevented by the plaintiff, or by law, or, in certain cases, by the act of God; or any like manner of defense." The defenses allowable under the general issue plea at common law, in the absence of statutory changes, are still open to the defendant, except the defense of arbitrament and award, and possibly the defense of alien enemy. 1 *Poe on Pleading*, sec. 607-609; *Yingling* v. *Kohlhass*, 18 Md. 148; *Herick et al.* v. *Swomley*, 56 Md. 439.

The general issue plea of *non-assumpsit* filed by the defendants constituted a good plea to the action, and the Court was, therefore, without power to enter the judgment appealed from. That judgment, as well as the judgment by default, must be stricken out, and the case remanded for a trial upon the merits.

It was contended at the hearing that the defendants' third plea, which was in express terms limited to the special count of the declaration, is bad, because it is a plea which amounts to the general issue. If this were true, it ought to have been demurred to; but we do not think it is such a plea. A plea is never objectionable on this ground, unless it sets up *matters of fact*, merely amounting to a *denial* of such allegations in the declaration as the plaintiff would on the general issue be bound to prove in support of his case, and the reasons why such a plea is held bad are: "First, because such special plea, if considered as a *traverse*, tends to needless prolixity and expense, and is an argumentative denial, and a departure from the prescribed forms of pleading the general issue; and, secondly, if viewed as a plea in *confession and avoidance*, it does not give color or plausible ground of action to the plaintiff." 1 *Chitty on Pleading*, 527.

The plea is a specific traverse of material averments of the special count, and upon failure of the plaintiffs to prove any

one of such material allegations upon the trial the verdict would be for the defendants under this count of the *narr. Bullen & Leak Precedents of Pleading,* 435; 16 *Ency. Pl. & Prac.,* 542; *Baltimore & Ohio R. R. Co.* v. *Ritchie,* 31 Md. 199.

*Judgment reversed, with costs, and case remanded.*