KERR, EVANS & CO., A CORPORATION,

*vs.*

THE CO-OPERATIVE IMPROVEMENT COMPANY,
A CORPORATION.

*Covenant*: *action in——; declaration; contract under seal.   Assumpsit*: *general issue; defenses under.*

A declaration in covenant must contain the averment that the contract was under seal, or it must make the allegation in language of similar import.                        p. 471

In a short-note case, where the defendant filed general issue pleas in assumpsit and a plea of *non est factum,* the sustaining of the plaintiff's demurrer thereto, although erroneously made, does not involve injury to the plaintiff of such a nature as to allow the defendant to raise the question on appeal.        p. 471

Under the general issue plea in assumpsit, practically all defenses are open to the defendant, other than those of arbitrament and award, limitations and, possibly, alien enemy.
                        p. 474

*Decided December 13th, 1916.*

Appeal from the Circuit Court for Prince George's County.   (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*T. Van Clagett* and *F. Snowden Hill* (with whom was *Alan Bowie* on the brief), for the appellants.

*M. Hampton Magruder* (with whom was *George B. Merrick* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The case presented for review by this appeal involves only questions of pleading. While the docket entries incorporated in the record show a trial before a jury, instructions asked by both plaintiff and defendant, and a verdict for the defendant, there is nothing to show the nature of any of the testimony given, or instructions asked.

The action was instituted in March, 1915, in the form of a non-resident attachment. The short note alleged the employment of the defendant company to offer for sale or exchange a 550 acre tract in Prince George's County at a stipulated compensation of $1,000 in case of the consummation of the sale or exchange.

With the short note was filed, as the vouchers, two letters signed by the defendant corporation by its president and secretary, and attested with the corporate seal. No formal acceptance appears on the part of the plaintiff, but on the second of the two letters is appended an acceptance by George N. Powell.

The defendant appeared to the short note and filed three pleas, the first two being the general issue pleas in assumpsit, and the third a plea of *non est factum*. The plaintiff demurred to the first and second pleas, and the defendant filed as a fourth plea the non-compliance of the plaintiff with the laws of Maryland to entitle it to do business in this State. This plea was also demurred to, and the demurrers to the first, second and fourth pleas were sustained, the last

properly so. Upon what theory the demurrer was sustained to the first and second pleas is not apparent, unless it was that the Court regarded the action as one in covenant to which the pleas of never promised and never indebted as alleged were not applicable.

An examination of the short note, or *narr.*, shows that the action was in reality one in assumpsit rather than covenant. The well established law in this State is that a declaration in covenant should state that the contract sued on is under seal, though other words showing that the contract is under seal will suffice. *Fisher on Essentials of Pleading,* in Maryland, page 125. The declaration in this case nowhere alleges that the contract sued on was under seal, or contains any language of like import. This ruling of the Court was error, but not one involving injury to the plaintiff of such a nature that the defendant can now be heard to complain of it.

The next step was the withdrawal of its plea of *non est factum,* and the filing of two pleas upon equitable grounds (both numbered five in the record), which were also demurred to, and the demurrer sustained. This ruling of the Court was clearly correct. They set up nothing by way of defense which would not have been admissible in evidence under the general issue plea in an action of assumpsit.

The defendant thereupon filed its sixth, seventh and eighth pleas:

DEFENDANT'S SIXTH AND SEVENTH PLEAS.

"The defendant, The Co-operative Improvement Company, for defense and for further plea, says: That the plaintiff did not effect a sale or exchange of the property mentioned in the declaration according to agreement for the reason that said property in the City of Pittsburg which was to be exchanged for the real estate in Prince George's County was unencumbered in excess of the sum of $82,000, in fact the sum of $88,000, and that said plaintiff was unable to procure the exchange of the same for the reason that at the time of the date fixed for the exchange of said

properties, prior thereto, and for several months subsequent to the date fixed for said transfer or exchange, and at the time of the letter of the defendant, on July 7th, 1914, said Pittsburg properties were by agreement in writing and of record in Alleghany County in the exclusive control and power of a certain Eugene S. Reilly & Company for sale, or exchange, and said plaintiff was not able to carry out the terms of the agreement as to the limit of encumbrances nor was it able to deliver said Pittsburg property as required by said agreement.

"And for further defense the defendant says: That the plaintiff did not procure a purchaser ready and willing and able to complete a *bona fide* agreement made with said defendant and the said sum of one thousand dollars is not due and owing by the defendant to the plaintiff."

### DEFENDANT'S EIGHTH PLEA.

"That at the time of the execution of the agreement of trade set out in the plaintiff's declaration, there existed on record in the Court of Common Pleas in Allegheny County, State of Pennsylvania, an agreement made by R. B. Blair, the record owner of the property described in plaintiff's declaration, with a firm known as Eugene S. Reilly & Company, of Pittsburg, Pennsylvania, by the terms of which the said R. B. Blair on the 24th day of March, 1914, assigned the rents due and accruing from said properties to the said Eugene S. Reilly & Company as security for a loan of thirteen thousand ($13,000.) dollars made to said R. B. Blair by the said Eugene S. Reilly & Company, and that the said Eugene S. Reilly & Company, by the terms of said agreement, was authorized to have the exclusive collection of said rents, and to retain the same, until the said sum of thirteen thousand ($13,000.) dollars with interest at the rate of six per cent. per annum had been duly received, together with a commission of five per cent. for collecting the same. And the defendant further avers that at the

time the trade of properties was to have been consummated by the parties hereto, as set forth in the plaintiff's declaration, the assignment of rent was still in full force and effect, by reason whereof the said plaintiffs were unable to give the defendant a full and complete control over said properties and to consummate said trade as called for by said agreement."

To the sixth and seventh pleas the plaintiff demurred and made a motion of *non recipiatur* as to the eighth. The two demurrers and motion were overruled, the case proceeded to trial and resulted in a verdict for the defendant. No error can be predicated upon this action of the Court. The most that can be claimed in opposition to these pleas is that the matters set up in them could have been given in evidence under the general issue pleas in assumpsit, but these two pleas had been stricken from the case at the instance of the plaintiff, and in *Seff* v. *Brotman,* 108 Md. 283, this Court held that: "A plea is never objectionable on the ground of amounting to the general issue, unless it sets up matters of fact merely amounting to a denial of such allegations in the declaration as the plaintiff would on the general issue be bound to prove in support of his case."

In the same case JUDGE BURKE, speaking for this Court, discussed the scope and effect of the general issue pleas, as follows: "In 2 *Greenleaf on Evidence,* it is said that: 'Almost all the defenses to the action of assumpsit in the United States, and until a late period in England, have been made under the general issue. This plea, on strict principle, operates only as a denial in fact of the express promise or contract, where one is alleged, or, of the matters of fact from which the contract or promise alleged may be implied by law. But by the early relaxation of the principle, the defendant in actions on express contracts, was admitted, under the general issue, to the same latitude of defense, which was open to him in actions upon the common counts, and was permitted to adduce evidence, showing that on any ground

common to both kinds of assumpsit, he was under no legal liability to the plaintiff for that cause, at the time of pleading. The practice in English Courts by recent rules, has been brought back to its original strictness and consistency with principle. In the United States it remains, for the most part, in its former relaxed state; and accordingly, where it had not been otherwise regulated by statute, the defendant under this issue may give in evidence any matters, showing that the plaintiff never had any cause of action; such as * * * non-performance of condition precedent by the plaintiff; or, that performance on his own part was prevented by the plaintiff, or by law, or, in certain cases, by the act of God; or any like manner of defense.' The defenses allowable under the general issue plea at common law, in the absence of statutory changes, are still open to the defendant, except the defence of arbitrament and award, and possibly the defense of alien enemy. 1 *Poe on Pleading,* secs. 607-609; *Yingling* v. *Kohlhass,* 18 Md. 148; *Herrick et al.* v. *Swomley,* 56 Md. 439." See also, *Aetna Indemnity Co.* v. *Fuller Co.,* 111 Md. 321.

The judgment appealed from will accordingly be affirmed.

*Judgment affirmed, with costs.*