MARY W. NELSON, Executrix, *vs.* PHILIP H. CLOSE.

*Accommodation Note—Part Payment by Maker—Suit for Reimbursement—Bill of Particulars—Construction.*

When a bill of particulars of the whole declaration, including the common counts, is filed, a demurrer to the whole declaration would be tested by the sufficiency of the cause of action thus particularized.                    p. 216

Where plaintiff, in filing a bill of particulars, was clearly undertaking to comply with defendant's demand for particulars of the whole declaration, and the case was argued and disposed of below on the assumption that the whole cause of action was stated in the bill of particulars, *held* that, on appeal, a statement in the heading of the bill, limiting the particulars to one count, should be ignored as a verbal error.                    pp. 216, 217

In an action by an executrix for reimbursement on account of assets appropriated by a bank to part payment of a note executed by deceased for defendant's accommodation, an allegation in the declaration that such appropriation was made

with the knowledge, consent, and authority of defendant, was. not too general. p. 217

The maker of an accommodation note may sue the person for whose accommodation it was made, to obtain reimbursement of the amount which he may have been required to pay thereon, although he has not paid the entire amount of the note, the suit being on the implied obligation of one for whose use another has paid out money, and not on the note, and Code, art. 8, sec. 5, consequently not applying. pp. 217, 218

*Decided January 21st, 1925.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

Action by Mary W. Nelson, executrix of William B. Nelson, deceased, against Philip H. Close. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, and WALSH, JJ.

*L. B. Keene Claggett,* with whom were *C. Gus Grason* and *Bartlett, Poe & Claggett* on the brief, for the appellant.

*Thomas H. Robinson,* with whom was *Elmer J. Cook* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court:

The appellant sued the appellee for reimbursement of assets of the estate in her hands which had been appropriated in part payment of a note on which her decedent had been maker for the accommodation of the appellee. The declaration originally contained the usual six common counts, and a seventh count which set out at length that the appellant as executrix had opened a checking account in the Harford Bank of Bel Air, and that a balance of $3,079.50 had been appropriated by the bank in part payment of a note of $4,000

of her decedent, made for the accommodation of Close and indorsed and discounted by him at the bank. Later, the plaintiff amended her declaration by filing an eighth count, which repeated the facts in the seventh count with some elaboration, adding an allegation, among others, that the appropriation of this balance on deposit had been made by the bank, "with the knowledge and consent of, and the authority from the said Philip H. Close."

The defendants demanded a bill of particulars of the claim under the amended declaration, and particulars substantially the same as those set out in the seventh and eighth counts were filed. Defendant then demurred to the amended declaration, the demurrer was sustained, and the plaintiff, having declined to make further amendment, final judgment was entered against the plaintiff on the demurrer. She appeals from that judgment.

In the argument in this court it was contended that the particulars had been given only of the eighth count, and that the demurrer to the whole declaration, covering the common counts as well, could not properly be sustained because the common counts remained unobjectionable and sufficient without the eighth count. On the record this is not entirely clear. The defendant demanded particulars of the claim "under the amended declaration," and the plaintiff declared on the face of the paper containing the particulars that they were "the particulars of the amendment to her declaration in answer to the defendant's demand for the particulars of the same." And the defendant then demurred to "the amended declaration." So it would seem that the defendant was demanding particulars of the whole declaration, including the common counts, and demurring to the same thing, and the plaintiff in complying with the demand described the particulars as those of the "amendment" only. Of course, when a bill of particulars of the whole declaration, including the common counts, is filed, a demurrer to the whole declaration would be tested by the sufficiency of the cause of action thus particularized. *Noel Construction Com-*

*pany v. Armored Construction Company,* 120 Md. 237, 250;
*Thompson v. Young,* 90 Md. 72, 74; *Scott v. Leary,* 34 Md.
389. It seems clear that the plaintiff was undertaking to
comply with the defendant's demand for particulars of the
whole amended declaration, and according to our understand-
ing of the statements of both counsel, the case was argued
and disposed of below on the assumption that the whole cause
of action was that stated in the bill of particulars. In view
of these facts, we think that the discrepancy in the heading
of the plaintiff's paper limiting the particulars to the one
count, should be ignored as a verbal error, and the case con-
sidered here as it was considered below.

In support of the demurrer it is objected that the allega-
tion that the appropriation of the fund had been made with
the knowledge, consent and authority of the defendant is too
general and insufficient for that reason. We are not able to
agree in this. In so far as the fact may be relevant in the
case we think this statement of it is all that may be required
for good pleading. It seems to mean only that the defendant
acquiesced in a payment which might involve a claim against
him for reimbursement.

But the main objection raised on demurrer is that under
article 8, sec. 5, of the Code only those indorsers or other
secondary obligors who have paid all of a principal obligation
are entitled to an assignment of it and to maintain an action
by virtue of it against the principal debtor. But this statu-
tory provision does not affect the present claim, for the plain-
tiff sues here on the implied obligation of one for whose use
she has paid out money, and not on the note held by the bank.
The statute has to do only with the taking over of the cred-
itor's security and rights against the principal debtor by the
process of subrogation; and the rule that the debt must have
been paid in full before the secondary obligor is entitled to
that, is a rule resulting from the superior rights of the
creditor, a rule for preserving those rights free and untram-
meled by the intrusion of the secondary obligor on the secur-
ity as long as the creditor himself has any part of the debt

unpaid and a possible reason for resorting to the security for payment. See note and cases collected 99 *Amer. St. Rep.* 483; 9 *A. L. R.* 1596, 1600; *Neptune Ins. Co. v. Howard,* 3 Md. Ch. 332, 337; *Swan v. Pattison,* 7 Md. 164, 166; *Grove v. Brien,* 1 Md. 438, 454; *Virginia v. C. & O. Canal Co.,* 32 Md. 501, 540. All authorities agree that this principle, whether embodied in a statute such as section 5 of article 8 of the Maryland Code or not, has no bearing on the secondary obligor's own right to indemnification from his principal for any payment he may be required to make on the debt. If full payment were required as a condition to the assertion of that right, then a secondary obligor whose entire worldly goods might be appropriated for payment of the debt, but might fall short of full payment, would be without any remedy. Precisely the same point has been decided, however, in *Bullock v. Campbell,* 9 Gill, 182, 184. "The plaintiff paid only a part of the money due on the note," said the court in its opinion, "and it is insisted that he must pay the whole of it before he can sue for the money paid by him. This would be true, if the suit was instituted upon the note itself. But why not be permitted to sue for and recover that which he has been obliged to pay?" And recovery was allowed. And see authorities reviewed in notes in 134 Amer. St. Rep. 557, 565, and 7 L. R. A. 84.

Finding no legal insufficiency in the declaration, we have to reverse the judgment against the plaintiff on demurrer.

*Judgment reversed, and case remanded for further proceeding, with costs to appellant.*