JOHN C. ROTH *v.* BALTIMORE TRUST COMPANY.
[No. 15, October Term, 1931.]

*Decided November 20th, 1931.*

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edward Gernand Wright* and *Charles F. Harley,* with whom was *Michael James Manley* on the brief, for the appellant.

*G. Ridgely Sappington,* with whom was *D. Heyward Hamilton* on the brief, for the appellee.

Parke, J., delivered the opinion of the Court.

The action in this case was brought under the Speedy Judgment Act of Baltimore City (Flack's Code of Public Local Laws, 1930, vol. 1, p. 1049, art. 4, secs. 312-322), and the declaration consists of a special count to the effect that the defendants had by their contract in writing under seal covenanted to guarantee to the Baltimore Trust Company, the plaintiff, the payment at maturity by the Provident Building Association of Baltimore City of certain discounts of commercial paper, loans and advances made or to be made by the plaintiff to that association, during a prescribed period, but not in excess of $45,000; and that the association became and was so indebted to the plaintiff in the principal amount of $43,961.18, with interest, but had failed to pay this sum at maturity, and that, although demand had been made, the defendants had failed and refused to pay in accordance with the terms of their covenant. One of the defendants confessed on May 17th, 1929, judgment for $43,982.30; and judgment by default was obtained and extended on July 25th, 1929, for $44,016.76 against three other defendants; and John C. Roth, one of the defendants, filed on August 26th, 1929, the pleas of never indebted and never promised as alleged. The plaintiff thereupon demanded of the defendant Roth the particulars of his defense. The defendant excepted to the laying of the rule for a bill of particulars, and this exception was overruled, and the bill of particulars was furnished.

Upon the theory that the particulars of the defense were not sufficient to defeat the action, the plaintiff moved, and the trial court granted, a judgment by default, which was extended by the court for the amount claimed. On an appeal from that judgment it was decided in *Roth v. Baltimore Trust Co.,* 159 Md. 580, 152 A. 227, that the general issue pleas, when filed in conformity with the requirements of the local Speedy Judgment Act, set up a good defense, and thereafter the action was not within the statute, but must proceed

as if it had not been brought under the statute. In holding the trial court was without power to enter the judgment at this stage of the pleadings, the court, speaking through Judge Offutt, said:

"If the plaintiff desired to question the sufficiency of the bill of particulars, he should have excepted to it (*Poe, Practice*, sec. 119), or, if he desired to challenge the sufficiency of the pleas as affected by the facts alleged in the bill of particulars, he should have demurred to them. *Noel Construction Co. v. Armored Construction Co.*, 120 Md. 237, 87 A. 1049; *Nelson v. Close*, 147 Md. 216, 127 A. 751. But failing either to except or demur, he could not question the sufficiency of the bill of particulars, or the propriety of the pleas, by a motion for judgment by default, for the defendant was guilty of no default. He had filed the bill plaintiff demanded, and, even if the facts alleged in it failed to constitute a valid defense, plaintiff was no more entitled to judgment by default for that reason than he would have been in an action at common law in which the pleas filed were demurrable, unless he had in fact demurred to them. The court therefore had no power to enter the judgment from which this appeal was taken, and it must be reversed.

"In view of that conclusion, the question as to whether in such a case as this the plaintiff is entitled to demand of a defendant, who has filed general issue pleas only, the particulars of his defense, does not arise, and cannot be considered." Pages 587, 588 of 159 Md., 152 A. 227, 230.

On the remand of the cause, the defendant moved that the bill of particulars be stricken from the record or withdrawn (1) because the demand was improperly granted, and (2) because the defendant is entitled to defend upon additional grounds, and upon all defenses permitted under the general issue pleas. The trial court denied this motion, and a demurrer by the plaintiff to the general issue pleas as made specific by the bill of particulars having been sustained, with leave to amend, and the defendant refusing to amend and submitting to judgment on demurrer, judgment by default was entered, and an inquisition was had and judgment duly

extended on the amount ascertained by the inquisition of the jury to be due the plaintiff. From this judgment the appeal is taken.

The defendant does not argue that there was error in the action of the trial court in sustaining the demurrer, but insists that the plaintiff is not entitled to demand the particulars when his defense is by the general issue pleas of *nunquam indebitatus* and *non assumpsit*. The question thus made is a novel one in this court, and its solution will require an examination of the nature and purpose of bills of particulars.

Bills of particulars are of comparatively recent origin in procedure, and grew out of a necessity to reduce to more definite and precise statement the general terms in which pleadings may be artificially framed. Their first use in the presentation of a demand was later extended to the statement of a defense. The object of bills of particulars was originally to control the generality of the declaration, to restrict the plaintiff at the trial, and to give the defendant such information as may enable him to prepare his defense or pay money into court, if necessary. The effect, therefore, of the particulars is to restrict the plaintiff's demand to the amount, to the allegations, and to the items, as stated in his bill of particulars, and, conformably, to limit his testimony. *Bullen & Leake, Precedents of Pleading* (3rd Ed. 1868) 55, 56. *Evans' Practice* (1867), pp. 256-259; *Poe's Practice,* secs. 115-121. Should the declaration be on the common counts, or if the cause of action on a special count be not sufficiently disclosed, the court may, upon application by the defendant, require by rule laid the plaintiff to deliver the particulars of his demand. *Supra.*

The beginning of an action is by the plaintiff, upon whom the burden of proof commonly remains, so it is usually his pleading which requires clarification and greater precision, although a similar necessity for a bill of particulars may arise on the pleading of the defendant. Bills of particulars are therefore complementary procedural documents whose function is to make certain, definite, and specific the general

terms in which the demand or defense of the party is stated, in order to clarify and evolve the issues of law and of fact involved in the action. Accordingly, the rule for a bill of particulars should be laid upon the plaintiff or defendant when the pleadings of either may require an amplification of his general allegations in order to make them more precise and to avoid a surprise at the trial. The rule is founded in principle and vindicated in practice. Its use against the plaintiff is too common for the citation of authority, but, because there is less occasion to lay the rule on the defendant, some precedents may be given of its application to the defense. If the defendant interpose a set-off or counterclaim, which is an affirmative defense, the rule is freely laid. *Poe's Practice,* secs. 115, 120. So, if the defendant plead in abatement that the contract sued on was made by the defendant jointly with another, who is still living, and was not made by the defendant alone, and the plea does not disclose the place of residence, or omits the addition of such other, the plea was good at common law, and the defendant could be laid under a rule to furnish the particulars of such party's place of abode and addition. *Taylor v. Harris* (1820), 4 Barn. & Ald. 93, 106 Eng. Repr. 872; *Newton v. Verbeke* (1827), 1 Younge & Jervis, 257, 148 Eng. Repr. 667; 3 *Chitty's Pleading,* 900 n. (g); 1 *Tidd's Practice,* 636. See 2 *Evans' Harris, Entries* (1832), 20, 22. Again, the accepted form of a plea or other pleading may be of so general a nature as not to inform the adverse party of the real defense which he is to meet, as in the plea of payment (a); or of fraud in general terms (b); or when, at common law, the defendant in ejectment was called upon to specify for what he defended that was not sufficiently ascertained by the consent rule (c).

(a) *Selwyn's Nisi Prius,* 137; *Bullen & Leake, Prec. Pleading,* 55, 56, 660, 665; *Ireland v. Thompson,* 4 Bing. (N. C.) 716, 132 Eng. Repr. 965; *Baxendale v. Great Western Ry. Co.,* 6 H. & N. 95, 158 Eng. Repr. 40. See *Thames Shipbuilding Co. v. Royal Mail Co.,* 10 C. B. (N. S.) 375, 142 Eng. Repr. 497, where, in the absence of special circum-

stances, particulars were refused of the parts of the plaintiff's claim in respect of which money was paid into court. *Rohr v. Anderson,* 51 Md. 205, 216, 217. (b) *Bullen & Leake, Prec. Practice* (3rd Ed. 1868) 445, 585; *McCreight v. Stevens* (1862), 1 H. & C. 454, 158 Eng. Repr. 963; *Pitts v. Chambers* (1859), 1 F. & F. 684, 175 Eng. Repr. 906; *West v. West* (1865), 4 Swabey & Tr. 23, 164 Eng. Repr. 1423; *Jackson v. Hilles* (1869), Ir. Rep. 4 Eq. 60; *Marshall v. Emperor Life Assurance Soc.,* L. R. 1 Q. B. 35. (c) *Goodright v. Rich* (1797), 7 Term Rep. 327, 332; *Doe d. Webb v. Hull,* 7 T. R. 332 (note); *Doe d. Saunders v. Duke of New Castle,* 7 T. R. 332 (note), 101 Eng. Repr. 1001, 1003; 2 *Tidd's Practice,* 1231; *Evans' Practice* (1867), pp. 256-258; *Poe's Practice,* secs. 460, 461; *Poe's Pleading,* sec. 258.

The furnishing of the particulars of defense does not relieve the plaintiff of the necessity of supporting his demand by proof, and, since the plaintiff in law is bound to know, and offer in evidence, the facts which are requisite to the establishment of a *prima facie* right of recovery, the illustrations at common law of the particulars of defense being exacted are instances where a presumptive right of recovery is met by a defense which places the burden of its proof upon the defendant. *Supra,* and 1 *Tidd's Practice,* 600 (star); *Poe's Pleading,* secs. 553-556. In short, particulars are demandable when the denial of the plaintiff's demand involves or implies an affirmative defense expressed in general terms. *Supra; Weinberger v. Inglis* (1918), 1 Ch. Div. 133; *La Radiotechnique v. Weinbaum* (1928), 1 Ch. Div. 1; *Perlak Petroleum Maatschappij v. Dean* (1924), 1 K. B. 111; *MacLulich v. MacLulich* (1920), Prob. 439.

The practice in Maryland with respect to bills of particulars was according to the course of procedure at common law, and the first legislation apparently is an enactment, in the Code of 1860, of the following: Either party may use the common-law forms or the forms hereinbefore given, at his election, and either party may require a bill of particulars where the pleading is so general as not to give sufficient notice to the opposite party of the evidence to be offered in

support of it. Code, 1860, art. 75, sec. 22, subsec. 107; Acts of 1860, c. 1. This statutory provision was declaratory of the common law, and, under prescribed conditions, provided for bills of particulars of claim or demand and of defense to be granted in the sound judicial discretion of the court. *Scott v. Leary,* 34 Md. 389, 400; *Black v. Woodrow,* 39 Md. 194, 212, 213; *Warfield v. State* (1911), 116 Md. 599, 82 A. 1053.

The statute remained unchanged until chapter 378 of the Acts of 1914 provided that, in all jurisdictions where provision for the obtention of speedy judgments subsists, when the cause of action filed with the declaration shall set forth the plaintiff's claim with the particularity required for a bill of particulars, the cause of action shall become and be taken as one of the pleadings in the case, and the plaintiff shall be restricted in his evidence to proof of the items so set out. Code, art. 75, sec. 28, subsec. 107; *Rullman v. Rullman,* 148 Md. 143, 129 A. 7.

This amendment did not effect any material modification of the general rule, which, by a quotation from *Cunard v. Francklyn,* 111 N. Y. 511, 19 N. E. 92, this court, in *Stabile v. Danini* (1918), 132 Md. 567, 569, 570, 103 A. 1048, 1049 affirmed to be that: "There is no restriction upon the power; it extends to all descriptions of actions, where justice demands that a party, whether plaintiff or defendant, should be apprised of the particulars of the facts his adversary expects to prove; and the scope of the order must ordinarily be a question of discretion to be governed by the circumstances."

The plaintiff, a corporation, had brought suit under the Speedy Judgment Act of Baltimore City, and the specialty, whereby the defendant and others had covenanted with the plaintiff to guarantee the payment to the plaintiff of the debt of a third party to the plaintiff at the maturity of the debt, had been filed at the time of the institution of the action, and the defendant had specifically denied neither the incorporation of the plaintiff nor the execution of the specialty by his plea. The filing of the pleas of never indebted and never

promised as alleged was not a specific denial of the incorporation nor of the execution, and therefore such allegations are admitted by the pleading. *Horner v. Plumley,* 97 Md. 282, 54 A. 971; *Farmers' & Mechanics' Bank v. Hunter,* 97 Md. 150, 54 A. 650; *Nicholson v. Snyder,* 97 Md. 420, 55 A. 484; *Engel v. Schloss,* 134 Md. 76, 106 A. 169; *Abbott v. Bowers,* 98 Md. 527, 57 A. 538; *McCarty v. Harris,* 93 Md. 741, 49 A. 414; *Junkins v. Sullivan,* 110 Md. 545, 73 A. 264; *Booth v. Irving Nat. Exch. Bank,* 116 Md. 672, 82 A. 652; *Herrman v. Coombs,* 119 Md. 48, 85 A. 1044; *Commercial Credit Corp. v. Rozier,* 152 Md. 272, 136 A. 636; *Farmers' & Merchants' Nat. Bank v. Harper,* 151 Md. 361, 364, 137 A. 702; *Commercial Credit Corp. v. Schuck,* 151 Md. 370, 134 A. 349. Since 1918 all actions *ex contractu* upon a specialty are in assumpsit, and in any such suit at law it will be sufficient for the defendant to file a general issue plea that the defendant never was indebted as alleged or that the defendant never promised as alleged, and, under either plea, all matters of defense and discharge shall be admissible in evidence, except any matters which could only be availed of by a special plea, or by a more express denial than such general issue plea, in an action of assumpsit prior to the enactment of this section. Code, art. 75, sec. 4, Acts of 1918, ch. 392. The general issue pleas filed in this case permit, therefore, any matter of defense or discharge, except a denial of the incorporation of the plaintiff, the execution of the specialty, and the consideration for the non-negotiable contract under seal, to be available to the defendant, except those defenses which must have been presented either by a special plea or by some other form of express denial in an action of assumpsit prior to the enactment of this provision. *Citizens' Nat. Bank v. Custis,* 153 Md. 235, 241, 242, 138 A. 261, 53 A. L. R. 1165.

With the exception, therefore, of a few defenses, such as alien enemy, tender, set-off, bankruptcy or insolvency of the defendant, limitations, usury, *ultra vires,* and defenses arising after suit brought or after plea pleaded to the merits, and the allegations of incorporation and execution, which

are presumed because of no specific denial in the succeeding pleading, and of consideration, which is implied in a specialty, the defendant was at liberty, not only to introduce testimony to disprove, except as above noted, the essential elements of the cause of action of the plaintiff, but, also, the affirmative defenses of mental incapacity, however arising, of payment, release, accord and satisfaction, fraud, duress and many other defenses, except as modified by statute, under the general issue plea in assumpsit at common law. *Seff v. Brotman,* 108 Md. 278, 283, 284, 70 A. 106; *Poe's Pleading,* secs. 607-609; *Herrick v. Swomley,* 56 Md. 456; *Thorne v. Fox,* 67 Md. 73, 8 A. 667; *Huff v. Simmers,* 114 Md. 548, 79 A. 1003; *Kerr, Evans & Co. v. Co-operative Imp. Co.,* 129 Md. 473, 474, 99 A. 708.

It is not good pleading for the declaration to contain averments of presumptions of law, and of matters more properly coming from the other side, so the plaintiff does not have to allege nor affirmatively prove, in order to establish *prima facie* cause of action, either that the maker of an instrument of writing had mental capacity at its execution or was of full age, or that the plaintiff obtained the promise or undertaking of the defendant without fraud or duress, or that the pleader had neither released his demand or claim nor entered into an accord and satisfaction with him. *Poe's Pleading,* secs. 553-555; *Shilling v. Carson,* 27 Md. 188; *Higgins v. Carlton,* 28 Md. 141-143. It is evident that these affirmative defenses, which may be made at common law in assumpsit under the general issue plea, embrace numerous defenses upon different grounds and of distinct and independent nature, and that, while these defenses are known to the defendant, the plaintiff may have no reason to anticipate their introduction and the general issue affords him and the trial court no information. No one could ascertain from the allegations and denials to be found in the record what was the matter of affirmative defense in dispute. Such a situation increases expense and inconvenience in the preparation for trial, delay in the disposal of the cause, uncertainty and surprise in the affirmative defense to be presented, and dissatisfaction with

legal procedure. These conditions are not consistent with justice, and it is to correct these evils of general, although technically good, pleading, that bills of particulars were introduced; and their free use to obtain the particulars of both demand and defense will conduce to the cheap, even, prompt, and satisfactory trial of actions at law. See *Poe's Pleading,* sec. 644, and *Evans' Essay on Pleading* (1827), at page 101, cited in *Stephen on Pleading* (8th Am. Ed. 1857), p. cxxxix.

The cause at bar is an illustration of the necessity for the laying of a rule for a bill of particulars of defense. The action was on a specialty admittedly executed and delivered for a consideration by this defendant and others to the plaintiff, which was a corporation. One of the makers had confessed his liability thereunder, and judgment on the guaranty had been extended against him and two other makers, who had suffered judgments by default. These parties were co-defendants of Roth, who, after these judgments against his co-guarantors, pleaded the general issue in assumpsit. Under these circumstances neither the court nor counsel could know from the record what Roth's defense would be; and, to avoid the inconvenience of this uncertainty and the possibility of surprise, and to prevent delay and lessen expense and costs, the court procured an amplification and clarification of the record by making use of the remedy that the common law and the statute put at his hand. This defendant was laid under rule to give the particulars of his defense, which proved to be a single affirmative matter which, on demurrer to the general issue pleas as thus amplified by the particulars of defense, the trial court held insufficient and bad in law. He declined to plead further, and judgment by default was entered, and, on the finding by a jury of inquisition in favor of the plaintiff for $24,401.36, judgment was duly extended. Thus promptly, cheaply, and certainly the pleadings were brought to a single specific issue, the defense duly heard and adjudged insufficient in law, and an inquisition and judgment had determining the rights of the parties. In thus requiring this defendant to furnish the particulars of his defense, the court acted pursuant to its general authority in the

administration of justice and in the exercise of a sound judi-
cial discretion, and no precedent is requisite for a ruling
that is so plainly within the letter and spirit of the law.
*Supra,* and *Commonwealth v. Snelling,* 15 Pick. (32 Mass.)
321. The defendant could have rested his defense in his bill
of particulars either upon a denial of the essential averments
of the declaration, which the plaintiff was bound to prove
in order to establish its cause of action, or upon a union with
this denial of any affirmative or other defense. His election
to rely solely upon a matter of affirmative defense is a choice
which he must abide.

2. The demurrer to the general issue plea as particular-
ized raised the question of their legal sufficiency. When so
considered, the trial judge was right in sustaining the de-
murrer, and the appellant does not argue the point on brief.
*Roth v. Baltimore Trust Co.,* 159 Md. 581, 588, 152 A. 227;
*Scott v. Leary,* 34 Md. 389, 400, 401; *Attrill v. Patterson,*
58 Md. 226, 238, 239; *Nelson v. Close,* 147 Md. 214, 216,
217, 127 A. 751; *Noel Construction Co. v. Armored Const.
Co.* 120 Md. 237, 250, 87 A. 1049, Ann. Cas. 1915A, 1032;
*Thompson v. Young,* 90 Md. 72, 74, 44 A. 1037; *Speed v.
Bailey,* 153 Md. 655, 659, 139 A. 534. The defendants'
contract of guaranty was a primary obligation, and the
alleged conduct of the plaintiff, which is relied upon as a
breach of obligation on the part of the plaintiff that dis-
charged the defendant as guarantor, was permissible within
the contemplation of the contract of guaranty. *Oliver &
Burr v. Noel Co.,* 109 Md. 465, 71 A. 959; *Booth v. Irving
Nat. Exch. Bank,* 116 Md. 668, 82 A. 652; *Marchant v.
Hughlett,* 118 Md. 229, 84 A. 380; *Eastern Shore Brokerage
& Commission Co. v. Harrison,* 141 Md. 91, 118 A. 192.

*Judgment affirmed, with costs.*