FLETCHER B. SPEED et al. *v.* THEODORE H. BAILEY, JR.

*Bill of Particulars—Effect—Building Contract—Right of Rescission—Minor Breaches—Independent Covenants.*

When a bill of particulars of the whole declaration, including the common counts, is filed, a demurrer to the whole declaration is to be tested by the sufficiency of the cause of action thus particularized, the demurrer admitting the cause of action as stated, but denying that it furnishes any ground of action.

p. 659

Where there had been a substantial performance of a building contract by the contractor, the other party to the contract was not entitled to rescind the contract and recover back a part payment made by him, merely because the contractor had failed

to complete some of the minor details, or had been guilty of unimportant and unintentional variations from the terms and specifications of the contract, the remedy in such case being an action for damages against the contractor on account of the breaches.                    pp. 659, 661

Whether a breach of contract by one party is so material or essential as to justify the rescission of the contract by the other party is a question of fact, but the question in a particular case may be so clear that a decision can properly be given only one way, in which case the court may decide the matter as if it were a question of law.                    pp. 661, 662

In an action to recover back a part payment made on a building contract, based on the theory of a right in plaintiff to rescind the contract for nonperformance by defendant, *held* that, after eliminating matters which the declaration showed to have been complied with by defendant, or which he was willing to perform when the weather permitted, and also items based on alleged modifications of the contract, which modifications the declaration showed to have been denied by defendant, the remaining allegations of the declaration showed, as against a demurrer thereto, a substantial performance by defendant, which precluded any right of rescission in plaintiff.                    pp. 662, 663

Where one agreed, in a building contract, to pay a named amount to the contractor within sixty days from the date of the contract, the latter was entitled to demand such payment without reference to whether he had completed the work, no time being named in the contract for such completion.
                    pp. 663-665

One who was himself in default as regards a payment under a building contract could not rescind the contract by reason of nonperformance by the contractor in minor details, there having been a substantial performance by the latter.                    p. 666

*Decided December 7th, 1927.*

Appeal from the Circuit Court for Baltimore County (PRESTON, J.).

Action by Theodore H. Bailey, Jr., against Fletcher B. Speed, and Mary R. Speed, his wife. From a judgment for plaintiff, defendants appeal. *Reversed.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Sloan, JJ.

*Edward H. Burke,* with whom were *Leonard Liepman* and *Bowie & Burke* on the brief, for the appellants.

*Laurie H. Riggs,* with whom was *William P. Cole* on the brief, for the appellee.

Digges, J., delivered the opinion of the Court.

This case comes before us on a demurrer by the defendants challenging the legal sufficiency of the plaintiff's cause of action. The declaration includes as a part thereof a bill of particulars, and the demurrer is to the whole declaration. The demurrer being overruled, the case proceeded to trial, resulting in a judgment for the plaintiff for the amount claimed. The single question presented by the record is the correctness of the ruling of the lower court on the demurrer.

The bill of particulars is unusual, and, as far as we have been able to discover, unlike any other upon which we have been called to pass. It consists of a contract of sale by the defendant Fletcher B. Speed to the plaintiff of a lot of ground situate in Baltimore County, and an agreement to finish the construction, then under way, of a two-room bungalow, according to the plans and specifications drawn by G. F. Neudecker, architect, the plaintiff agreeing to pay therefor the sum of $14,000, of which $2,000 is acknowledged to have been paid prior to the signing of the contract, and the balance to be paid as follows: $8,000 cash in sixty days, and $4,000 in a second mortgage at six per cent., to be paid at the rate of $500 yearly, and, upon the payment as above stated of the unpaid purchase money, the vendor agreed to give a deed for the property at the expense of the vendee, which would convey the property by a good and merchantable title to the vendee. The date of the contract is December 8th, 1924, and it is signed and sealed by the defendant Fletcher B. Speed and the plaintiff Theodore H. Bailey, Jr., and witnessed by Mary R. Speed.

Attached to and forming a part of the contract are specifications designated "general specifications of dwelling for F. B. Speed, Catonsville, Md." The specifications in many places call for the furnishing of material of sizes designated in the plans and mentioned in the agreement of sale, but the plans are not attached to the agreement of sale and do not appear in the record.

In addition to these general specifications and agreement of sale, there appears as a part of the bill of particulars a letter written by the attorney of the plaintiff to the attorney of the defendants, and the reply of the last mentioned attorney to that letter. The letter written by the attorney for plaintiff, dated February 10th, 1925, contains a statement of what purport to have been certain verbal modifications of the written contract, and complains that the defendants have failed to complete the building in accordance with these verbal modifications. The reply to that letter, dated February 13th, 1925, by the defendants' attorney, acknowledges that the defendant promised to do certain of the things complained of as not having been done, and denies others as having been a portion of the oral modifications of the contract. This letter further expresses the willingness and ability of the defendant to perform all that he admits he promised to perform, and concludes with the demand that the plaintiff make immediate settlement for the property in accordance with the contract.

The theory of the plaintiff, upon which this suit was docketed and the case tried, is that by reason of the fact that the defendants had not fully complied with their contract to build a house according to the written and oral specifications, the plaintiff was entitled, because of that breach, to rescind the contract and recover back the initial payment of $2,000; and, further, that although Mary R. Speed was not a party to the written contract, she being the owner of the land, her husband was acting as her agent, and that if the evidence showed that he was her agent, there might be a recovery against her, or if the evidence showed that it was

a joint venture of husband and wife, he could recover against both.

When a bill of particulars of the whole declaration, including the common counts, is filed, a demurrer to the whole declaration should be tested by the sufficiency of the cause of action thus particularized. *Noel Const. Co. v. Armored Construction Co.,* 120 Md. 237; *Thompson v. Young,* 90 Md. 72; *Scott v. Leary,* 34 Md. 389; *Nelson v. Close,* 147 Md. 214. We have here a declaration including the common counts, together with a bill of particulars which is co-extensive with the entire demand; therefore, when testing the validity of the demurrer to the whole declaration, we must consider the sufficiency of the common counts particularized as set forth in the bill of particulars. The effect of the bill of particulars here filed is to show the plaintiff's entire cause of action under all the counts of his declaration. The demurrer interposed after the filing of such a bill of particulars admits the cause of action to be as therein stated, but denies that it furnishes any ground of action.

The appellant claims that the declaration is defective because it shows on its face the following facts: First, that the defendants were not in default at the time the plaintiff rescinded the contract; second, that the plaintiff was in default at the time he rescinded the contract; third, that the plaintiff did not tender performance of his obligation under the contract at or before the time he rescinded it; and, fourth, that the sealed contract on which the deposit was made was not signed by both defendants.

The validity of the first objection to the declaration must be determined by the decision of the question of whether or not the declaration shows a substantial performance of the contract by the defendants. If the declaration shows that there has been a substantial compliance with the terms of the contract, but there has been a failure to complete some of the minor details, or there have been unimportant and unintentional variations from the terms and specifications of the contract, then the plaintiff is not at liberty to rescind the contract and recover back the deposit, but must proceed at law

and recover such damages as are occasioned by the breach. The general rule is thus stated in 6 *R. C. L.* 926-927 : "It is not every partial failure to comply with the terms of a contract by one party which will entitle the other party to abandon the contract at once. In order to justify an abandonment of it and of the proper remedy growing out of it, the failure of the opposite party must be a total one—the object of the contract must have been defeated or rendered unattainable by his misconduct or default. For partial derelictions and non-performance in matters not necessarily of first importance to the accomplishment of the object of the contract, the party injured must seek his remedy upon the stipulations of the contract itself. Before partial failure of performance of one party will give the other the right of rescission, the act failed to be performed must go to the root of the contract, or the failure to perform the contract must be in respect to matters which would render the performance of the rest a thing different in substance from that which was contracted for. * * * When a covenant goes only to a part of the consideration of a contract, is incidental and subordinate to its main purpose, and its breach may be compensated in damages, such a breach does not warrant a rescission of the contract, but the injured party is still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom." By this rule, compensation in damages for slight breaches is substituted for the remedy afforded by rescission of the whole contract. The rule rests upon the principle that greater equity will be maintained between the parties by compelling the one, injured by slight variances or failure to comply literally with all of the terms of the contract, to accept the contract as performed and recover such damages occasioned by the breach as he may be able to show. A departure from this rule would result in permitting any deviation, no matter how minute or unimportant, to be made the basis for the rescission of the contract, and allowing the one so rescinding to obtain an unfair and unconscionable advantage by electing to rescind or retain the bargain, as self-interest might dic-

tate.  The great weight of authority shows a recognition of
this principle by the courts, although they are not entirely
harmonious.  The real and substantial difficulty has been in
applying the principle to the varying facts of each particular
case.  The rule has been more widely applied to building
contracts, for the reason that it was found to be inequitable
to allow the owner of the land to rescind a contract for the
erection of a building upon his land, and thereby retain the
benefits resulting from a substantial performance of the
building contract, without any obligation to pay therefor.

While the above is true, the application of the doctrine
of substantial performance has not been confined to building
contracts, but has been applied in many cases where the
breach was relatively small as compared to the whole con-
tract and did not go to the root of the contract; that is to
say, it is applied where the breach complained of is incon-
sequential in its nature and is readily compensated for by
damages.  In the case of *Ady v. Jenkins,* 133 Md. 36, in
which the contract was for the sale of a pack of canned corn
for the season of 1917, known as Hyde's Egyptian Corn, it
was contended that the failure of Jenkins to deliver labels
by the first of August was sufficient reason for Ady to rescind
the contract.  In passing upon that question, the court, after
recognizing the law as being well settled that, when there has
been substantial breach of a contract, the other party has a
right to rescind the contract or to refuse to perform it and sue
for damages, quoting from *Brantly on Contracts,* page 415,
said: "It is not, however, every breach of contract, or failure
exactly to perform, which justifies a rescission.  If the prom-
ise which is broken is subsidiary—that is, one which does
not go to the root of the matter, defeating the object of the
contract, and where the breach can well be compensated by
damages—the other party cannot rescind for this reason."
The question presented to this court is, when reduced to its
simplest terms, Does the declaration present so clear a case
as to entitle the court to say, as a matter of law, that the
contract has been substantially performed by the defendant?
"Whether a given breach is material or essential, or not,

is a question of fact; but the question in a particular case may be so clear that a decision can properly be given only one way, and in such a case the court may properly decide the matter as if it were a question of law." *Williston on Contracts,* sec. 866. See also *Baltimore v. Schaub Bros.,* 96 Md. 534.

Applying the principles above stated to the facts as here shown by the declaration, we have reached the conclusion that the rule of substantial compliance is a complete defense to the action as made out by the declaration, and that the applicability of the doctrine is so clear that it can be properly decided by the court as a question of law.

The contract is dated December 8th, 1924, and there is no time specified for its completion. By the explicit terms thereof the appellee obligated himself to make the second payment of $8,000 in sixty days from the date of the contract. The two letters exchanged between the attorneys for the parties form a part of the bill of particulars filed by the appellee, that of the appellee's attorney being dated February 10th, 1925, and the reply being under date of February 13th, 1925. The letter on behalf of the appellee makes complaint that certain stated terms of either the written contract or the verbal modifications thereof have not been fully complied with. The reply letter either denies the oral modifications as alleged, or states that the items admitted by the appellant to be a part of the contract have either been performed or will be performed as soon as weather conditions permit. It therefore appears by the plaintiff's declaration, supplemented by the bill of particulars, that for the purpose of the demurrer only those things in the declaration can be taken as true which the plaintiff himself shows have not been complied with and are not in dispute. In other words, for the purpose of the demurrer, we must eliminate those things shown by the declaration to have been complied with by the appellant, and those things which the declaration discloses his ability and willingness to perform as soon as weather conditions permit (the contract specifying no definite date of completion), and also the items alleged to be

oral modifications of the written contract, but denied by the appellant in the letter on his behalf filed as a part of the declaration.

After such elimination the question is, Do the remaining allegations of the declaration which are to be taken as true on the demurrer show such a breach of the contract sued on as would justify the appellee in rescinding the contract and recovering back the sum of $2,000 paid at the time of its execution? As above stated, we are of the opinion that they do not, but on the contrary clearly show a substantial performance of the contract on the part of the appellant, thus leaving the appellee to sue at law for damages for such injuries as he may show to have been sustained from the breach. In addition, the declaration shows that the attempted rescission of the contract by the appellee was not until after the letter of his attorney dated February 10th, 1925; but even if we assume that this letter was a notice of intention to rescind, the appellee at that time was in default in the payment of $8,000, which was specified to be paid in sixty days from the date of the contract. The agreement to pay $8,000 in sixty days was independent of the completion of the contract, and the appellee cannot avail himself of the right of rescission for non-completion of the contract while he himself is in default under its terms. This rule is applied for the purpose of preventing one party to a contract from taking advantage of his own wrong. "Where by the terms of the contract, the time to perform the covenant on the one side is to arrive, or may arrive, before the time for the performance of the covenant on the other side, the former is not dependent on the latter." 9 *Cyc.* 642.

In the case of *Phillips Co. v. Seymour*, 91 U. S. 645, the court said: "Where a specified thing is to be done by one party as the consideration of the thing to be done by the other, it is undeniably the general rule that the covenants are mutual, and are dependent, if they are to be performed at the same time; and if by the terms or the nature of the contract one is first to be performed as the condition of the obligation of the other, that which is first to be performed

must be done, or tendered, before that party can sustain a
suit against the other.   There is no doubt that, in this class
of contracts, if a day is fixed for performance, the party
whose duty it is to perform or tender performance first must
do it on that day, or show his readiness and willingness to
do it, or he cannot recover in an action at law for non-per-
formance by the other party." To like effect see *Loud v.
Pomona Land & Water Co.,* 153 U. S. 564, at page 579, in
which it was said: "Where the acts stipulated to be done
are to be done at different times, the covenants are generally
construed to be independent of each other." In the case of
*Watchman v. Crook,* 5 G. & J. 239, our predecessors adopted
the language of Chief Justice Kent in *Cunningham v. Mor-
row,* 10 Johns. (N. Y.) 203: "It is true, that if by the terms
of the contract, the money is to be paid by a day certain, and
which is to happen before the performance of the service, or
by a day certain, and there is no day certain for the perform-
ance, the performance is not a condition precedent, and the
party may sue for the money without averring or showing
performance." In *McSherry v. Brooks,* 46 Md. 103, under
an agreement of dissolution of a partnership, Shurtz, one of
the partners, undertook the settlement of all partnership lia-
bilities, and the defendant agreed to give Shurtz his notes
for $28,264.46, dated the first day of January, 1870, pay-
able one day after date.  In a suit on the notes, it was con-
tended that the plaintiff was bound to produce releases in
full from the creditors of the firm as the proper evidence of
such payment.   This Court said, speaking through Judge
Alvey: "Apart from all questions as to the mode of proof,
we think there was no condition precedent to the right of
recovery on the notes, in respect to the payment of the part-
nership debts.   The notes, as we have seen, are negotiable,
and were made payable one day after date.   The obligation
assumed by Shurtz to pay all the partnership debts neces-
sarily contemplated some reasonable time within which it
could be done; as we may suppose his ability to pay the debts
depended to some extent upon his collection of the assets due
the firm.   In such state of case, the rule of law is clear and

decisive; and nowhere is it better or more succinctly stated than in 2 *Parsons on Contracts,* 189, 190, where it is said: 'If money is to be paid on a day certain, in consideration of a thing to be performed at an earlier day, the performance of this thing is a condition precedent to the payment; and if the money is to be paid in installments, some before a thing is to be done, and some when it is done, the doing of the thing is not a condition precedent to the former payments, but it is to the latter. And if there is a day for the payment of the money, and this comes before the day fixed for the doing of the thing, or before the time when the thing, from its nature, can be performed, then the payment is at all events obligatory, and an action may be brought for it independently of the act to be done.' And the same principles are fully and clearly stated by Mr. Sergeant Williams, in a note to *Pordage v. Cole,* 1 Wms. Saund. 319, where the cases are extensively collected and reviewed, and the conclusions there deduced are fully sanctioned by this court in *Watchman v. Crook,* 5 G. & J. 259, 260. See also *Goldsborough v. Orr,* 8 Wheat. (N. S.) 217."

In the present case the appellee agreed to make the second payment of $8,000 in sixty days from the date of the contract, which constituted therefore a day certain for this payment, while there was no date specified for the completion of the work by the appellant. It is clear, under the authorities above quoted, that though the appellant had not completed the contract on the date sixty days from its execution, he nevertheless was entitled to demand the payment of $8,000 from the appellee, and on the sixty-first day could have entered suit therefor. It may have been that the appellant would require the $8,000 or some portion thereof to enable him to completely perform his part of the contract, and it is fair to assume that the time of payment of the $8,000 was fixed in the contract with that purpose in view. The appellee, being bound to make this payment at the time specified, was in default from the time he failed to do so; and being in default, he has no standing to rescind the contract, unless and until he makes the payment or tenders the

same.  It appearing from the declaration that the contract was substantially performed, and that at the time the appellee attempted to rescind he was in default, it follows that the appellee was not entitled to maintain an action upon the declaration herein filed, and the demurrer to the same should have been sustained; therefore the judgment must be reversed.

*Judgment reversed and cause remanded, with costs to the appellant.*