## RHOADS et ux. *v.* NASCO, Etc.

[No. 298, September Term, 1965.]

*Decided May 10, 1966.*

*Motion for rehearing filed June 9, 1966, denied June 21, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

*Johnson Bowie* for the appellants.

*Paul J. Feeley,* with whom was *Gerald V. Caldwell* on the
brief, for the appellee.

PER CURIAM.

The appellants, Donald M. Rhoads and his wife (the Rhoads)
entered into a contract with the appellee Frank P. Nasco (Nas-
co), whereby Nasco agreed to construct a garage under the

Rhoads dwelling. Nasco began work on January 7, 1964. By January 24, 1964 the Rhoads informed Nasco of certain deficiencies which they considered to exist in the workmanship of the job. Nasco agreed to correct all defects in construction so to conform with the terms of the contract; however, the Rhoads insisted that Nasco perform extra work which Nasco felt would extend beyond the terms of the original agreement. The Rhoads refused to allow Nasco access to the building site to complete the construction of the garage. The Rhoads retained the services of another contractor to complete the garage.

On March 24, 1964, Nasco brought suit against Rhoads for payment under the construction contract. The Rhoads cross-claimed for $2,692.00 representing the cost to them of the work performed by the other contractor in completing construction of the garage. The trial court, sitting without a jury, found that Nasco had substantially complied with the terms of the original construction contract which he had with the Rhoads. Recovery was not allowed on the Rhoads' cross-claim since in the opinion of the trial court a situation existed where the Rhoads wanted more done than was in reality called for by the construction agreement.

Judgment was entered in favor of Nasco for the contract price plus certain extras, less $800.00 which represented the reasonable cost to the Rhoads of completing construction of the garage according to the terms of the construction agreement.

Whether there has been substantial compliance with the terms of the construction contract is ordinarily a question for the trier of the facts. *Evergreen Amusement Corp. v. Milstead,* 206 Md. 610, 112 A. 2d 901 (1955) : *Speed v. Bailey,* 153 Md. 655, 139 A. 2d 534 (1927). Under all the circumstances in this case we cannot say that the trial court was clearly erroneous in holding that the terms of the contract had been substantially complied with and that the cost to the Rhoads of completing construction under the terms of that contract was $800.00.

*Judgment affirmed, with costs.*