## PLITT *v.* McMILLAN

[No. 478, September Term, 1965.]

*Decided November 16, 1966.*

*Motion for rehearing filed November 29, 1966, denied December 5, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and FINAN, JJ.

*Michael I. Gordon,* with whom were *Smullian & Gordon* on the brief, for appellant.

*William D. Schaefer,* with whom were *George J. Bereska* and *Schaefer & Waltjen* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

This is the second time that this case, involving an install-

ment sale of a lot in a land development project on Kent Island in Queen Anne's County, has been appealed to this Court.

When Elizabeth S. McMillan purchased the lot from Chester Beach, Inc., she made a nominal down payment and agreed to pay the balance due in monthly payments to be applied first to taxes and then to interest and principal. At the same time that the purchaser executed the contract of sale granting the seller or its assigns an option in the event of a default to either cancel the contract or sue for the balance due on the note, she signed an installment note, attached to the contract of sale, containing the standard clause for the confession of judgment. Among other things, the contract of sale further provided that:

> "This agreement shall be and constitute the purchaser's application for membership in Chester Beach Club, Inc. In the event that application to said [club] is disapproved, then this agreement shall be inoperative and void, and all deposits made by the purchaser shall be refunded."

Shortly after the contract and note had been assigned to Clarence M. Plitt for a valuable consideration, the purchaser was notified to make the monthly payments directly to the assignee, and upon her failure to do so a judgment by confession was entered on the note. Subsequently, however, the judgment was stricken out, the defendant was allowed to plead and the trial of the case on its merits (by Byrnes, J.) resulted in a judgment for costs in favor of the defendant-appellee against the plaintiff-appellant.

On the first appeal, reported as *Plitt v. McMillan*, 235 Md. 349, 201 A. 2d 787 (1964), where the facts clearly indicated that the appellant (as assignee of the contract of sale and installment note) was an assignee with notice that all defenses the appellee (as purchaser) had against the seller were likewise valid against the assignee, we remanded the case without affirmance or reversal to the end that the lower court could consider whether or not the assignee was required to tender a deed to the purchaser as a prerequisite to the obtention of a judgment by confession for the balance due and whether or not the seller or its assignee had fully complied with the terms of the contract. In

the interim between the remand and the retrial of the case, title to the lot in question was transferred from Chester Beach, Inc., the corporate stock of which was held by the appellant as security for a debt, to Chesapeake View Company, the corporate stock of which was owned by the appellant.

On the remand, the lower court (Cullen, J.) retried the case anew as it had the right to do. On the question of tender it was shown that an offer to execute a deed would have been futile because the purchaser had refused to pay for the lot. Over objection, it was shown that the appellee had received a letter of cancellation from Chester Beach, Inc., but in rebuttal the appellant produced evidence to the effect that it was for him to decide whether or not the contract of sale should have been cancelled. On the question of performance or breach, it appears that the contemplated beach club was never formed. Nor was it shown, as the contract of sale implies, that an area on the beach was ever set aside for the use of the lot-owning bathers and boaters. At the conclusion of the retrial, the lower court, relying on the fact that the original seller had exercised the option to cancel the contract before the assignee entered judgment by confession on the note, found that the defendant had a valid defense and allowed the judgment for costs to stand.

In so doing, it appears that the lower court was right but for the wrong reason. For on this second appeal, where the record shows that failure to fully perform the contract resulted in a breach of the covenant that the purchaser would become a member of the beach club which so far as the record shows was never formed, it follows that the judgment of the lower court must be affirmed. Regardless, therefore, of whether the assignee knew of, or had acquiesced in, the cancellation of the contract of sale by the original seller, it is clear that the contract had become void, according to its terms, because there had been a breach of the covenant concerning the formation of a beach club. As was pointed out in the first appeal, a defense known to the assignee (as this one was) is as good against him as it was the seller. See Maryland Rule 240 a.

As we see it, the promise that the purchaser would become a member of the beach club and have the use in common with others of an area on the waterfront—even if it was not intended

to be a covenant running with the land—was nevertheless a valuable right that made the lot more desirable to the owner and tended to enhance the readiness of a resale. This being so, we think it is evident that the failure of the original seller or its assignee to provide the beach area contemplated by the contract of sale constituted such nonperformance or breach as entitled the purchaser to rescind the contract and to refuse to pay for the lot. Where, as under the circumstances of this case, there has been a material breach of a contract by one party, the other party has a right to rescind it. *Vincent v. Palmer,* 179 Md. 365, 373, 19 A. 2d 183 (1941); *Ady v. Jenkins,* 133 Md. 36, 38, 104 Atl. 178 (1918). *Cf. Speed v. Bailey,* 153 Md. 655, 139 Atl. 534 (1927). And see *Williston on Contracts* (rev.ed.), § 1455; *Corbin on Contracts,* § 1104. That the contracting parties in this case recognized the materiality of a breaking of the covenant, is clearly manifested by the condition to the effect that if a lot purchaser should be disapproved as a member of the beach club, then the contract of sale became inoperative and void and entitled the purchaser to a refund of all installment payments theretofore made.

Since we hold that the contract of sale (and the note attached thereto) was inoperative and void, we need not consider the other questions presented by the appeal.

> *Judgment affirmed; appellant to pay the costs.*